# COUNTY OF YORK.

————o————

ROBERT W. CARLE

*versus*

BANGOR AND PISCATAQIS' CANAL AND RAILROAD COMPANY.

At common law an action for damages by a servant for an injury occasioned by the carelessness of a fellow servant in the same service, cannot be maintained against their common employer unless there be some contributing fault on his part.

Nor is the common law upon this subject changed in its application to railroad corporations in this state by the provisions of the Revised Statutes of 1841, chap. 81, sect. 21.

This action was brought to recover damages for an injury sustained by the plaintiff while in the employ of the defendants, occasioned by the carelessness of a fellow servant in the same employ.

RICE, J., presiding, ordered a nonsuit, to which the plaintiff excepted.

*Henry K. Bradbury*, counsel for plaintiff.

*John H. Goodenow* and *Howard & Strout*, counsel for defendants, cited the following authorities: Farewell v. Boston & Worcester R. R. Co., 4 Met., 49; Hayes v. Western R. R. Co., 3 Cush., 270; Duran v. Little Miami R. R. Co., Ohio, S. C.; Skip v. Eastern Counties R. R. Co., 24 Eng. Law and Eq.; Sherman v. Rochester and Syracuse R. R. Co., 15 Barb., 574.

MAY, J. From the testimony in this case, it appears that the injury of which the plaintiff complains was occasioned

Carle *v*. Bangor and Piscataquis Canal and R. R. Co.

by the negligence of a fellow servant in the employ of the defendants; and there is no evidence tending to show that the defendants did not exercise ordinary care in the selection of such servant. Under such circumstances, it is now the well established common law of England, that a workman who meets with an injury from the negligence of a fellow workman, cannot recover therefor in an action against the common master. The superior does not warrant the competency of his servants, and cannot be held answerable for their neglects to another servant, if he used proper care in their selection. Tarrant v. Webb, recently decided in the English Court of Common Pleas, and cited in the American Law Reg., vol. 5, p. 306; Hutchinson v. York, Newcastle and Berwick R. R. Co., 5 W. H. and G., 343; Wigmore v. Jay, Ibid, 354. The same doctrine has also been held in New York. Brown v. Maxwell, 6 Hill, 592; Coon v. Syracuse and Utica R. R. Co., 6 Barb., 231. So it has been held, in several cases in Massachusetts, that where the relation existing between the parties was that of master and servant, no action could be maintained against the master for an injury received in the course of that service from the negligence of a fellow servant. Farwell v. the Boston and Worcester R. Corp., 4 Met., 49; Hayes v. the Western R. Corp., 3 Cush., 270; King v. the Boston and Worcester R. Corp., 9 Cush., 112.

In the present case, although the duties of the servant through whose fault the injury is said to have occurred, were in some respects different from those of the plaintiff, still, at the time of the injury, the plaintiff seems to have been employed with his fellow servant in the accomplishment of the same common enterprise, the duties of each being directed to the same end; but if it were otherwise, the rule of law would be the same. Gillshannon v. the Stony Brook R. Corp., 10 Cush., 228; Albro v. the Agawam Canal Co., 6 Cush., 75.

It is however contended that the common law upon this subject has been modified or changed by our R. S., chap. 81, sec. 21, so far as relates to railroad corporations; and that

their liabilities in cases like the present have been enlarged. By that statute it is provided that " every railroad corporation shall be liable for all damages sustained by *any person* in consequence of any neglect of the provisions of the foregoing section, *or of any other neglect of any of their servants, or by any mismanagement of their engines,* in an action on the case, by the person sustaining such damages." The general purpose of this statute seems to be to fix and establish the rights and obligations of railroad corporations as between themselves and third persons, not their servants; and the language relied on in the section cited, has reference to the liabilities of such corporations for the neglects of their agents, or servants. Notwithstanding its literal construction might entitle a negligent servant to recover for injuries sustained, through his own fault, or any servant to recover for injuries occasioned by the fault of a fellow servant, still such a construction is wholly inadmissible. Statutes, unless plainly to be otherwise construed, should receive a construction not in derogation of the common law. Considering the general design of this statute, we are of opinion that it was not the intention of the legislature to change the nature of, or the incidents connected with, any contracts between such corporations and their servants. If such had been the intention, we think it would have been more plainly or directly expressed. The words, *any person*, in that section of the statute relied on, must be limited in their application to such persons as were not the servants of the corporation, and who may have sustained damages without any contributing fault on their part; thus leaving such servants, who are presumed to have arranged their compensation with their eyes open, and to have assumed the relation with all its ordinary dangers and risks, without any remedy against the corporation for such injuries as may be incident to the service they have engaged to perform. The servant assumes the risks and perils which are incident to his service, " and as between himself and his master is supposed to have contracted on those terms." Noyes v. Smith and al., 2 Williams' Reports

of cases decided in the Supreme Court of Vermont, as published in the Amer. Law Reg., vol. 5, p. 615. Most of the cases before cited distinctly recognize and approve this principle, and some of them assert that the ordinary risks and perils assumed include those arising from the negligence of other fellow servants. Such a rule is supposed to induce greater caution on the part of servants, and thus to conduce to the general safety, and the public good, and we are satisfied with the reasons, the justice, and the policy upon which it rests. The result is that upon the evidence contained in the report of this case,

*The nonsuit must stand.*