STEPHEN G. SMITH *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

In trespass on the case a declaration charged that " said city . . . so carelessly and negligently kept and maintained that highway known as . . . and so carelessly and negligently suffered and allowed said highway to be and remain out of repair, as wrongfully and injuriously to turn and cause to flow upon the lands and estate of the plaintiff next adjoining to said highway, the water which otherwise and ordinarily, or naturally and

but for the wrongful acts and omissions of the said city, . . . would not have flowed or run upon the plaintiff's lands and estate aforesaid, whereby, &c.

*Held,* on demurrer, affirming *Wakefield* v. *Newell,* 12 R. I. 75, that no cause of action was set forth.

Requisites of a good declaration in an action for negligence.

In case, for the neglect of a statutory duty, the plaintiff must show that the duty was imposed for his benefit or existed for his security from the injury suffered.

TRESPASS ON THE CASE. On demurrer to the declaration.

*December* 4, 1880. DURFEE, C. J. The declaration, which contains only one count, alleges that "said city of Providence heretofore, to wit on the     day of    , A. D. 1874, and from thence hitherto by its agents, officers, and servants so carelessly and negligently kept and maintained that highway in said city known as Traverse Street, at and near its intersection with Sheldon Street, and so carelessly and negligently suffered and allowed said Traverse Street to be and remain out of repair, as wrongfully and injuriously to turn and cause to flow upon the lands and estate of the plaintiff, next adjoining to said Traverse Street, the water which otherwise and ordinarily, or naturally and but for the wrongful acts and omissions of the said city and its agents, officers, and servants aforesaid, would not have flowed or run upon the plaintiff's lands and estate aforesaid, whereby," &c., concluding with a specification of damages.

The defendant demurs and contends that no cause of action is duly set forth. We think he is right. The requisites of a good declaration in an action for negligence are well stated by Willes, J., in *Gautret* v. *Egerton,* L. R. 2 C. P. 371, 374. " It ought," he says, " to state the facts upon which the supposed duty is founded, and the duty to the plaintiff with the breach of which the defendant is charged. It is not enough to show that the defendant has been guilty of negligence, without showing in what respect he was negligent, *and how he became bound to use care to prevent injury to others.*" So too it is not enough to state a relation from which the duty may arise under certain circumstances, but, unless the duty necessarily results from the relation, the circumstances which give rise to it must likewise be stated. *Brown* v. *Mallett,* 5 C. B. 599 ; *Seymour* v. *Maddox,* 16 Q. B. 326 ; *Wilson* v. *Newberry,* L. R. 7 Q. B. 31; *Collis* v. *Selden,* L. R. 3 C. P. 495 ; *Williams* v. *Hingham, &c. Turnpike Company,* 4

Pick. 341, 345. The declaration here does not come up to these requirements. The mere existence of a highway does not make it the duty of the town or city where the highway is to keep the water flowing in it from overflowing on the adjoining lands. Such a duty devolves on a town or city only when the town or city has done something to increase the volume of the water, or to accumulate it in unusual quantities at some particular point of the highway. The declaration does not allege that the city of Providence has done this.

The plaintiff contends that it is enough for him to allege that the injury was caused by neglect to keep the highway in repair, and that it is not necessary to set forth the particular facts, because the duty of keeping its highways in repair is a public duty imposed on the city by statute. In our opinion the argument is fallacious. The duty which the statute imposes is a duty to keep the highways in repair, not so that the water will not flow from them upon adjoining lands, but so that they will be safe and convenient for travellers. The declaration does not allege any neglect of duty in this respect, and if it did allege a neglect of duty in this respect, and also allege that in consequence of it water flowed from the highway upon the plaintiff's land, nevertheless it would not show any cause of action ; because the only action which could be maintained against the city for neglecting to keep the street safe and convenient for travel is an action for injury suffered in consequence of the street's being unsafe and inconvenient *for travel*, and not for injury suffered by the overflow of surface water from the street, for that would be no less a legal than a logical irrelevancy. In an action for neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed ; but he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security from the injury. *O'Donnell* v. *The Providence & Worcester Railroad Co.* 6 R. I. 211.

We do not perceive that the case at bar is in any material respect distinguishable from the case of *Wakefield* v. *Newell,* 12

R. I. 75, in which a demurrer to a similar declaration was sustained.             *Demurrer sustained.*

. *James Tillinghast*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.