TERRENCE COX vs. THE PROVIDENCE GAS COMPANY.

In trespass on the case for personal injuries caused by the explosion of a tank, the plaintiff alleged the cause of the explosion to have been some defect in the tank or in its connections of which he had no knowledge nor means of knowledge, but of which the defendant knew or was bound to know, which defect was caused by the defendant's negligence.

*Held*, that the proper allegation would be that the defendant knew, or but for the want of reasonable care and diligence would have known, of the defect. The allegation made was of a legal conclusion, not of a fact.

Another count described the accident, but contained no averment of negligence on the defendant's part.

*Held*, that negligence was the gist of the action, and must be alleged, or must appear by legal intendment from what is alleged.

The rule of certainty in pleading is not too rigid to be reasonable, and does not require the statement of facts undiscoverable by the plaintiff. It permits much generality when the facts lie more in the knowledge of the opposite party than in that of the pleader.

TRESPASS ON THE CASE. On demurrers to the declaration.

*January* 10, 1891. DURFEE, C. J. This is case for damages for injuries received by the plaintiff, an employee of the defendant company, while at work as such at the company's gas works, in consequence of an explosion in or from a tank or receptacle excavated in the ground near where he was at work. The declaration contains three counts. The first alleges that the tank was in · the yard of the company's premises; the second and third further allege that it was used by the company as an appliance or instrument in its business of making illuminating gas, in and about which business the plaintiff was employed. The first two counts allege the cause of the explosion to have been some defect in the tank or in the approaches to or connections with the same, of which the plaintiff had no knowledge nor means of knowledge, but of which the defendant well knew or was bound to know, which defect was caused or occasioned by the negligence of the defendant. The three counts are severally demurred to. The causes of demurrer assigned in the brief for the company are that the counts " do not anywhere set forth wherein the defect in the apparatus consisted, or how the defendant was bound to know it, or wherein the defendant's negligence consisted."

The brief cites *Smith* v. *Tripp*, 13 R. I. 152. In that case the demurrer was sustained, not because the declaration did not state

what the negligence consisted in without sufficient particularity, but because it did not state how or in what manner it was or had become the defendant's duty to use care for the prevention of the injury complained of. It may, and probably often does happen, where a servant is injured in the course of his employment in consequence of some defect in machine or instrument not under his control, that he is unable to discover what or where the defect was, and that to require him to describe it particularly would be to refuse him a remedy. This is especially likely to happen where in consequence of the accident not only the servant is injured, but the machine or instrument is destroyed. The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not defeat, the ends of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader, it allows a good deal of generality. The cases are numerous which hold that the happening of the accident may in itself amount to *primâ facie* evidence of negligence, when the cause or instrumentality of the accident is under the defendant's control, and when such an accident does not ordinarily occur if due precautions be taken; and of course, if it is not necessary to prove the *particular* negligent act or omission, or the *particular* defect, to which the accident is attributable, it is not necessary to aver it. "In such cases the plaintiff may give the required evidence of negligence," said Channell, B., in *Bridges* v. *North London Railway Co.* L. R. 6 Q. B. 377, 391, "*without himself explaining the real cause of the accident,* by proving the circumstances, and thus raising a presumption that, if the defendant does not choose to give the explanation, the real cause was negligence on the part of the defendant." And see *Byrne* v. *Boadle,* 2 H. & C. 722; *Kearney* v. *London, Brighton, &c. Railway Co.* L. R. 5 Q. B. 411; L. R. 6 Q. B. 759; 1 Shearman & Redfield on Negligence, §§ 59, 60, and the cases there cited.

We think the objection that the allegation that the defendant knew or was bound to know of the existence of the defect is bad, because it does not set forth how it was bound, is well taken. To allege so is not to allege fact but legal conclusion. The proper allegation is, that the defendant knew, or but for the want of rea-

sonable care and diligence would have known, of the defect. *Noyes v. Smith & Lee,* 28 Vt. 59. The fault, however, is rather formal than substantial. It may be cured by amendment as indicated, and when cured the demurrer to the first two counts will be overruled.

The third count sets forth the circumstances of the explosion and the consequent injury substantially as they are set forth in the second count, but it contains no allegation of negligence on the part of the company. It may be that a jury, on proof of the facts alleged, would infer that the explosion occurred in consequence of the company's negligence, in the absence of any counter testimony, but nevertheless, the company's negligence is a fact to be proved by the plaintiff, either directly or inferentially, in order to recover, it being indeed the very gist of the action, and as such it must be alleged, or appear by legal intendment from what is alleged. The demurrer to the third count is therefore sustained.

*Demurrers to first and second counts overruled after amendments of such counts as above indicated. Demurrer to third count sustained.*

*Edwin D. McGuinness & John Doran,* for plaintiff.

*Francis W. Miner & William G. Roelker,* for defendant.