CARMENO DI MARCHO *vs.* BUILDERS IRON FOUNDRY.

In trespass on the case for personal injuries brought by a servant against his employer, a corporation, founded on the alleged negligence of the latter, the declaration stated that the corporation "threw or caused to be thrown a box," &c.

*Held*, that this was tantamount to a statement that the box was thrown by a servant of the corporation.

*Held*, further, that the declaration should state the relation to the corporation of the person who threw the box, so that it might appear that he was not a fel-

low servant with the plaintiff, or if a fellow servant that the corporation was negligent in employing or in retaining him.

*Held*, further, that the plaintiff should state the particular work he was engaged in when injured in connection with his allegation of being duly careful.

The negligent act of a foreman in throwing a box upon a pile of iron posts which causes an injury to one of the workmen under him, is the act of a fellow servant for which the employer is not liable.

TRESPASS ON THE CASE for negligence causing personal injury to the plaintiff.   On demurrer to the declaration.

*January* 7, 1893.   PER CURIAM.   Since a corporation can only act through its servants and agents, we think the allegation in the declaration that the corporation threw or caused to be thrown a box, etc., equivalent to an allegation that the corporation did the act *by its servants and agents.*

The allegation that the plaintiff at the time of receiving the injuries complained of, was and had been for a long·time prior thereto employed by the defendant corporation in and about its grounds, buildings and machinery, to assist in the work of carrying on its foundry business, and that at the time of receiving such injuries he was engaged in said employment on the grounds of the defendant corporation near said pile of iron posts or columns, sufficiently sets forth the plaintiff's relation to the corporation as its servant or employee engaged in the duty of his employment at the time of receiving the injuries, to show that it was bound to the exercise of due care on its part not to expose him unnecessarily to injury.

The defendant objects to the sufficiency of the allegation that the plaintiff was in the exercise of due care.   He insists that such an allegation is merely an inference or conclusion of law and that the plaintiff should set forth particularly the acts he was engaged in doing at the time of receiving the injuries, so that it may appear whether or not he was in the exercise of due care.   We do not agree with the defendant that the allegation that the plaintiff was in the exercise of due care is an inference or conclusion of law ; it is rather, at least generally, an inference of fact.   Inasmuch, however, as the declaration does not set forth specifically what the plaintiff was employed to do, but only generally that he was

employed to assist in the work of carrying on the defendant's business, we think that the plaintiff may properly be required to state the particular work he was engaged in at the time of receiving the injuries in connection with the allegation that he was in the exercise of due care. We are not aware that any greater particularity of allegation in this respect has ever been considered essential, and we think that it is sufficient. To this extent the demurrer is sustained.

The plaintiff then amended his declaration and the defendant demurred to the amended declaration.

*June* 12, 1893. PER CURIAM. We think that the amended declaration is defective. The allegation against the defendant is that the corporation threw or caused to be thrown a box, etc. Since a corporation can act only through a servant the allegation is in effect that the box was thrown or caused to be thrown by a servant of the corporation. The plaintiff alleges that he was a servant of the corporation engaged in his employment at the time of receiving the injuries of which he complains. It follows, therefore, that the act which occasioned the injuries was the act of a fellow servant, for which the corporation *prima facie* at least was not liable.

We think it is necessary in order to state a case, that the declaration should set forth the relation to the corporation of the person who threw the box or caused it to be thrown, so that it may appear that he was not a fellow servant with the plaintiff within the rule exempting the master from liability for injury resulting from the act of a fellow servant, or if a fellow servant that the defendant was negligent in employing him or retaining him in its service.

*Demurrer to amended declaration sustained.*

The plaintiff again amended his declaration and the cause was then certified from the Common Pleas Division on demurrer to the amended declaration.

*March* 14, 1894. PER CURIAM. The negligent act set forth in the declaration is that of a foreman in throwing a box upon a pile of iron posts, whereby the plaintiff was injured. This was clearly the act of a fellow servant and not the negligence of the principal. The foreman was doing

nothing which it was the duty of a master to do; nor was any breach of a master's duty the proximate cause of the injury.　As held in *Hanna* v. *Granger*, *ante p.* 507, and *Larich* v. *Moies*, *ante p.* 513, a servant stands in the place of a principal only when some duty or power, which pertains to a principal and which is an element in causing the injury complained of, is delegated to him; as to all other matter he is a co-servant.　The character of the act is the criterion of the liability and not the foreman's power of supervision and control, or of hiring and discharging help.　See *Baltimore & Ohio R. R. Co.* v. *Baugh*, 149 U. S. 368; *Riley* v. *W. Va. etc. Railroad*, 27 W. Va. 145; McKinney on Fellow Servants, § 42, and cases cited.

The declaration sets out therefore a case of negligence of a fellow servant and not of the defendant.　The demurrer to the declaration must be sustained.