We think that the first count is demurrable, in that it charges negligence without setting forth in particular any act or omission of the defendant constituting negligence. As a general rule it is necessary that a declaration should state the facts on which the supposed duty to the plaintiff was founded and the duty to the plaintiff with the breach of which the defendant is charged. It is not enough to show that the defendant has been guilty of negligence without showing in what respect he was negligent and how he became bound to use care to prevent injury to others. Smith v. Tripp, 13 R.I. 152. The rule is not without exceptions. Cox v. Providence Gas Co., 17 R.I. 199;Parker v. Providence Stonington Steamboat Co., 17 R.I. 376. But we do not find that these exceptions embrace the case of a collision at a crossing between a railroad train and a traveller on a highway.
The grounds of demurrer to the second count in the declaration raise the question, 1, whether, if a railroad company voluntarily erects and maintains a gate at a highway crossing, the leaving open of such gate is negligence; and, *Page 493 
2, whether the leaving of the gate open at the time of the accident amounted in law to an invitation to the driver of the sleigh in which the plaintiff was riding to cross the track.
We are of the opinion that these questions must be answered in the affirmative.
In State of Maine v. Boston Maine R.R. Co., 80 Me. 430, Chief Justice Peters, in a carefully considered opinion, held that the defendants could not escape liability on the ground that no statute required them to maintain gates at a crossing; that the voluntary establishment of gates is evidence of their necessity, and that being advertised to travellers it is evidence of negligence if they are not properly attended and maintained. Again, in Whelan v. New York, Lake Erie Western R.R. Co.,
38 Fed. Rep. 15, it was held that a railroad company having established at a crossing a gate under the care of a flagman is bound to close the gate when its cars are passing over the crossing, and that failing to do so would be negligence. So, too, it is held that though it may not be negligence for a railroad company to omit to keep a flagman at a crossing still, if one is employed at a particular crossing, his neglect to perform his duties may be sufficient to charge the company. Kissenger v.New York Harlem R.R. Co., 56 N.Y. 538; Ernst v. HudsonRiver R.R. Co., 39 N.Y. 61; Pierce on Railroads, 353, 354.
While the word "invitation" used in the second count in relation to open gates, though it has sometimes been used in the opinions of learned courts, may, perhaps, be open to criticism as too strong a term, it is evident that all that was meant by the pleader as well as by the judges in their opinions, by the use of the word is, that the leaving open of the gates amounted to an implied assurance that the track might be safely crossed. Thus understood, the authorities are numerous, the only cases to the contrary that have come to our attention being cases in Pennsylvania, that open gates, or the absence of the usual signals of an approaching train or engine, are implied assurances that no train or engine is approaching *Page 494 
the crossing with intent to cross the street, upon which travellers on the street have a right to rely, and that if a traveller on the street be injured while crossing the railroad in such circumstances, the question whether he was guilty of contributory negligence is for the jury. Stapley v. London,Brighton South Coast Ry. Co., L.R. 1 Ex. 21; Directors, c.,of the North Eastern Ry. Co. v. Wanless, L.R. 7 H.L. 12;Palmer v. N.Y. Central Hudson River R.R. Co., 112 N.Y. 234;Glushing v. Sharp, 96 N.Y. 676; State of Maine v. Boston Maine R.R. Co., 80 Me. 430; Whelan v. New York, Lake Erie Western R.R. Co., 38 Fed. Rep. 15; The Pennsylvania Co. v.Stegemeier, 118 Ind. 305; Cleveland, Columbus, Cincinnati Indianapolis Ry. Co. v. Schneider, 45 Ohio St. 678; Chicago,St. Louis Pittsburg R.R. Co. v. Hutchinson, 120 Ill. 587.
Demurrer overruled and case remitted to the Common Pleas Division for trial.