### NEWPORT COUNTY.

JENNIE L. MILLER *et al. vs.* CLARENCE U. COFFIN, Administrator.

Pub. Stat. R. I. cap. 204, § 15, which gives a right of action against common carriers by means of railroads or steamboats for the benefit of the husband or wife and next of kin "of any person, whether a passenger or not, in the care of" such common carriers, where the death of such person is caused by their negligence or the unfitness or negligence of their servants, does not apply to the case of an employé whose death is caused by the negligence of a fellow servant.

The negligence for which an action is given by Pub. Stat. R. I. cap. 204, § 15, is such negligence as would have enabled the deceased had he lived to maintain an action at common law.

In an action against a steamboat company and an express company, brought in the name of an administrator under Pub. Stat. R. I. cap. 204, §§ 15, 18, the declaration alleged that the plaintiff's intestate was in the employ of the steamboat company as an engineer on a steamer, and that the defendants by their servants negligently permitted nitric acid, shipped on the steamer by the express company, to leak and escape, thereby setting fire to the steamer and causing poisonous fumes and smoke from which the plaintiff's intestate died. The declaration did not aver which defendant was negligent, or in what way.

*Held,* that the declaration set forth no cause of action against the steamboat company because the negligence alleged, in the absence of anything to the contrary, is to be taken as the negligence of a fellow servant for which the steamboat company was not liable.

*Held,* further, that the declaration stated no cause of action against the express company because it contained no allegation which showed a breach of duty on its part, or in what its negligence consisted.

Pub. Stat. R. I. cap. 204, § 18, provides that the action given by § 15 of the chapter may be brought by the executor or administrator of the deceased.

An administrator refused to bring an action under Pub. Stat R. I. cap. 204, §
15, for the benefit of the widow and next of kin, who then brought a suit in the
name of the administrator.   The latter threatened to discontinue the suit.   If
he did so the right of action would be barred by the statute of limitations.
The widow and next of kin filed a bill to enjoin the administrator from dis-
continuing the action.   On a plea in bar setting out the declaration in the
action at law,

*Held*, that the adminstrator should be required to prosecute the action if the
declaration therein stated a good cause of action, but not otherwise; the
ground of equitable jurisdiction being that of preventing irreparable damage.

*Held*, further, that the bill in such case must aver that the complainants have an
existing cause of action which it is necessary or proper that the administrator
should prosecute in their behalf, or it will be demurrable.

BILL IN EQUITY for an injunction.   On demurrer and sub-
sequently on the sufficiency of a plea.

The bill was preferred by the widow and next of kin of
Alfred Miller, deceased, to enjoin the respondent who was
administrator on the estate of said Alfred Miller, from dis-
continuing an action brought by them in his name as such
administrator under Pub. Stat. R. I. cap. 204, §§ 15, 18.

The bill alleged "that the said Alfred Miller died at said
Newport on the twenty-eighth day of September, A. D. 1888,
and that his death was caused by the negligence of the New-
port and Wickford Railroad and Steamboat Company, a cor-
poration and common carrier located and doing business in
said Newport, and the Adams Express Company, a corpora-
tion and common carrier also located and doing business in
said Newport," and alleged the refusal of the respondent to
bring an action in behalf of the complainants, and his threat
to discontinue the action brought by them in his name.   The
respondent demurred to the bill.

*February* 18, 1895.   PER CURIAM.   We are of the opinion
that the bill is demurrable in that it does not aver that the
complainants have any existing cause of action which it is
necessary or proper that the defendant Coffin as administra-
tor should prosecute in their behalf.

The complainants then amended their bill, and the respond-
ent filed a plea to the amended bill in which he sets out the
declaration in the action at law.

The cause was then heard on the sufficiency of the plea.

*September* 16, 1895. STINESS, J.   The complainants are the widow and next of kin of Alfred Miller, deceased, and the respondent is administrator upon his estate.   It is alleged that while the deceased was serving as engineer of the steamer Eolus, in the employ of the Newport and Wickford Railroad and Steamboat Company, in September, 1888, he lost his life because said company negligently permitted nitric acid, shipped by the Adams Express Company on said steamer, to escape, thereby setting fire to said steamer and causing poisonous fumes and smoke from which he died.   In July, 1894, the complainants, in the name of the respondent as administrator, brought a suit against the Steamboat Company and Adams Express Company for damages for the death, which action is still pending.   They now bring this bill to restrain the respondent from discontinuing said action, which they aver he has threatened to do.   The respondent sets up the declaration in said action by plea, and the sufficiency of the plea is the question now before us.   If the declaration sets out a good cause of action, the respondent ought to prosecute it, the ground of equitable jurisdiction being that of irreparable damage; for if the present action should be discontinued, as threatened, the right of action would be lost by the limitation under Pub. Stat. R. I. cap. 205, § 3. If the declaration does not set out a good cause of action, the respondent ought not to be required to prosecute a losing suit.

We think it is clear that the declaration set up in the plea does not show a cause of action in favor of the complainants. It avers that the plaintiff's intestate was in the employ of the steamboat company, and that the defendants negligently permitted the acid to leak and escape.   It does not state which corporation was negligent, nor in what way, nor is the happening of the accident of such a character in itself as to amount to *prima facie* evidence of negligence.   See *Cox* v. *Providence Gas Co.*, 17 R. I. 199 ; *Parker* v. *Providence & Stonington Steamboat Co.*, 17 R. I. 376.   So far as the steamboat company is concerned it might have been caused by the negligence of a fellow servant, and this is the ques-

tion which has been argued. Does the statute which gives a right of action against common carriers for the death of "any person, whether a passenger or not, in the care of" such common carrier, cover the case of a servant whose death is caused by the negligence of a fellow servant?

Two rules are firmly established in the law of master and servant : *First*, that a master is not liable for injuries to a servant through the negligence of a fellow servant and not through the negligence of the master ; *second*, that a servant assumes the risks incident to his employment. See *Brodeur* v. *Valley Falls Company*, 16 R. I. 448, where it is also decided that such risks include the carelessness of a fellow servant. These two principles had been announced in England and in this country in the leading cases of *Priestly* v. *Fowler*, 3 M. & W. 1, (1837), and *Farwell* v. *Boston & Worcester R. R. Co.*, 4 Met. 49, (1842), which had been followed in other cases, before the passage of any law upon this subject in this State. These cases established the doctrine that the gist of the action is the negligence of the defendant. In accordance with this doctrine our first statute, passed in October, 1853, which was limited to passengers, gave the right of action for the *negligence* of the common carrier, or its servants. In January, 1855, the law was extended to cover the case of a person crossing a highway, whose life should be lost by the negligence of a railroad company or its servants. In the revision of 1857,[1] the law was put, substantially, into its present form by extending it to the loss of life " of any person, whether a passenger or not, in the care " of " a common carrier.[2] Up to this point there was no pro-

---

[1] Rev. Stat. R. I. cap. 176, § 16.

[2] Pub. Stat. R. I. cap, 204, §§ 15, 18, are as follows :

SEC. 15. If the life of any person, being a passenger in any stage coach or other conveyance, when used by common carriers, or the life of any person, whether a passenger or not, in the care of proprietors of, or common carriers by means of, railroads or steamboats, or the life of any person crossing upon a highway with reasonable care, shall be lost by reason of the negligence or carelessness of such common carriers, proprietor or proprietors, or by the unfitness or negligence or carelessness of their servants or agents, in this state, such com-

vision at all for the loss of life of a servant, and the question comes whether this last change was intended to sweep away the limitations which had become engrafted into similar laws by the decisions of the courts. We think it was not so intended for several reasons. It is a familiar rule that statutes are not to be construed in derogation of the common law, except so far as an intent so to do is plain ; and when a statute is adopted which has already received judicial construction, it is to be presumed that it was adopted in view of such construction. This rule is recognized in *Sayles* v. *Bates*, 15 R. I. 342. See Endlich on Interpretation of Statutes, § 371, and notes 80, 81. Even where the language of the statute, taken literally, is absolute, it may still be subject to exceptions. *Westerly Savings Bank* v. *Stillman Manuf. Co.*, 16 R. I. 497. The cautious procedure in adopting the limited provisions of the preceding acts leads us to believe that there was no intention in the revision of 1857 to make a longer leap than had been made elsewhere. It meant, undoubtedly, to give a right of action even for the death of an employé when it should be caused by the *negligence* of common car-.riers by railroads or steamboats, in distinction from other persons who were to be liable only for a *wrongful act.* · To this extent the act is appropriate and effective, and extends to many cases of negligence by servants or agents, who may be entrusted with duties which belong to the master. But it is not to be presumed· that it meant to make a company liable to an employé for the negligence of a fellow servant. An inference to this effect may be drawn from a comparison of §§ 16 and 21, cap. 176, of the digest of 1857. As we

---

mon carriers, proprietor or proprietors shall be liable to damages for the injury caused by the loss of life of such person, to be recovered by action of the case, for the benefit of the husband or widow and next of kin of the deceased person, one half thereof to go to the husband or widow and one half thereof to the children of the deceased.

SEC. 18. Actions for the benefit of the widow and next of kin of such passenger or person may in all cases be brought by the executor or administrator of the deceased, whether such executor or administrator be appointed and qualified as such within or without the state ; but where there is a widow only, she may at her option sue in her own name.

have said, a discrimination was made by which carriers were
made liable for negligence, and. others only for a wrongful
act. But in the latter case it was only where an action could
have been maintained at the common law if death had not
ensued. The sections are to be construed in *pari materia*,
and if the rules of the common law are to govern in one
case it is fair to presume that they are also to govern in the
other ; or, to put it another way, as the *wrongful act* must
be such as would sustain an action at common law, so the
*negligence* mentioned in the statute must be the negligence
for which one would be liable at the common law. The
reason of the thing also favors this presumption ; for other-
wise the provisions of the statute would be strangely incon-
gruous. This was most clearly shown by Norton, J., in
*Proctor* v. *Hannibal & St. Joseph R. R. Co.*, 64 Mo. 112,
where the words were "when *any person* shall die" &c., as
follows : "It is true that these words, in their literal signi-
fication, are comprehensive enough to include a servant or
employé, and to these terms their plain and natural import
should be given, unless absurd consequences follow, and incon-
sistencies in the act are brought to light by such meaning.
Adopting the construction insisted upon by plaintiff, and a
servant injured by a fellow servant while operating a loco-
motive or train of cars, although he may be maimed, man-
gled and disfigured, and may suffer for an indefinite period
of time the most excruciating tortures, can have no action
against a master or employer ; yet if he die, his representa-
tive may recover of his employer." This statement seems
to be quite sufficient to show that it would be most absurd
to construe this provision, relating to the death of a servant,
by a different rule from that which would govern his own
action, if he had lived. In the latter case the simple ques-
tion would be whether the employer had been at fault. If
not, he could not be made to pay for the wrong done by some-
body else, because of greater ability to pay, and it would be
just as wrong to compel him to pay for the fault of another
if the servant should die as it would be if he lived. Certain
duties devolve upon a master, whether a corporation or an

individual, and for these he must be responsible, but for the carelessness of a fellow servant, outside of such duties, the master cannot be held responsible. *Hanna* v. *Granger*, 18 R. I. 507.

The case in Missouri cited above held that an action would not lie for an injury caused by a fellow servant, and this was affirmed in *Elliott* v. *St. Louis & Iron Mountain R. R. Co.*, 67 Mo. 272. The same doctrine is held in *Carle* v. *Bangor, etc., R. R. Co.*, 43 Me. 269 ; *Atchison, etc., R. R.* v. *Farrow*, 6 Col. 498 ; *Lutz* v. *Atlantic & Pacific R. R. Co.*, 30 Pac. Rep. 912 ; and *Walker* v. *Boston & Maine R. R.*, 128 Mass. 8, although in this case there was no discussion of the question. The case of *LeMay* v. *Canadian Pacific Ry.*, 17 Ont. App. 293, is to the contrary ; but see note to this case in 44 Am. & Eng. R. R. Cases, 627.

An analysis of the statute, according to the complainants' construction, would come to this : "Any person, whether a passenger or not, in the care of" a railroad or steamboat company includes an employé. The death of the employé by reason of the negligence of the carrier or its servants or agents is a sufficient basis for an action, without reference to his own negligence or that of his fellow servants, or the ordinary risks of his employment. We cannot think that this is so. On the contrary, we are constrained to hold that the statute was not intended to abrogate the rules of the common law, in such cases, but to give a right of action in conformity to them, and so the provision for an action for the death of "any person, whether a passenger or not, in the care of" a railroad company, by reason of the negligence of its servants, does not allow such action irrespective of the fact that the deceased was an employé and injured by the negligence of a fellow servant. Under this construction, the declaration in question states no case. The allegation of negligence by the servants of the steamboat company·is to be taken as that of fellow servants, in the absence of anything to the contrary ; *Di Marcho* v. *Builders Iron Foundry*, 18 R. I. 514 ; and there is no allegation as to the express company to show a breach of duty on its part or in what its

negligence consisted.   We therefore decide that the plea is a sufficient answer to the bill, and it is sustained.