ANTONIO MARTELLO *vs.* MICHELE FUSCO.

PROVIDENCE—FEBRUARY 28, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice. Negligence. Duty of Master. Employment of Infant in Dangerous Position.*

In trespass on the case for personal injuries brought against a master by the father and sole beneficiary of an infant intestate, founded (1) on the alleged negligence of the master in employing the infant, of the age of eight years, in a dangerous occupation, and (2) on the negligence of the master in employing infants as fellow-servants of the deceased, in consequence of whose incompetency the deceased was injured, a declaration which merely alleges that the defendant negligently and wrongfully employed the infant in unloading bricks, and that said employment was dangerous for a person of his youth, does not state a case. The allegation that the employment of an infant of that age was negligence *per se* is a conclusion of law.

An averment that the fellow-servants of the infant were incompetent by reason of their youth, which fact was known to the defendant, and that by reason of the carelessness and negligence of the defendant by said servants the infant was injured, is demurrable, it not appearing wherein the fellow-servants were negligent, or how their negligence contributed to the happening of the accident.

TRESPASS ON THE CASE for negligence, brought by the father of the intestate under the provisions of Gen. Laws R. I. cap. 233, § 14, clause 2. The facts are sufficiently stated in the opinion. Heard on demurrer to the declaration. Demurrer sustained.

(1)    PER CURIAM. We think the first count in the plaintiff's declaration is demurrable in that it does not allege in what

respect the lifting, passing, and unloading of the bricks from the wagon was a perilous or dangerous employment for the plaintiff's infant son ; and, also, in that it does not allege how or by what particular cause he was thrown to the ground and run over by the wheel of the wagon. The mere allegation that the defendant negligently and wrongfully employed the boy to unload the bricks, that said employment was dangerous for a person of his extreme youth, and that he was injured while in the performance of the work, does not inform the defendant of the cause of the accident with that degree of certainty to which he is entitled under the settled rules of pleading, namely, with that degree of certainty of which the nature of the thing pleaded reasonably admits. *Wilson* v. *Ry. Co.*, 18 R. I. 491 ; *Laporte* v. *Cook*, 20 R. I. 261 ; *Lee* v. *Reliance Mills Co.*, 21 R. I. 322. The allegation that the employment of an infant of the age of eight years was negligence *per se*, being a mere conclusion of law, is not properly pleaded, and hence is not admitted by the demurrer. 12 Enc. Pl. & Pr. 1020, 1026. It is one of the first principles of pleading that facts only are to be stated, and not arguments or inferences or matters of law. It is the province of the court to declare the law arising upon the facts alleged. Chit. Pl. 2 ed. 215–216.

We think the second count is also demurrable for the same reasons as the first, and also for the further reason that while it sets out that the fellow-servants of the plaintiff's son were wholly incompetent to perform the duties devolved upon them by the defendant by reason of their extreme youth, which incompetency was fully known by the defendant, and that "by reason of the careless and negligent conduct of the defendant by said servants the plaintiff's infant son was thrown with great force and violence to the ground and the wheel of the carriage and wagon passed over his body," etc., it fails to allege the act or acts of said fellow-servants which constituted the negligence complained of. In other words, it does not appear wherein the fellow-servants of plaintiff's son were negligent, or how their negligence contributed to the happening of the accident in question.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*Henry W. Greenough*, for plaintiff.

*Dennis J. Holland and John P. Fox*, for defendant.