GEORGE L. DALTON *vs.* RHODE ISLAND COMPANY.

PROVIDENCE—JANUARY 4, 1904.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1)  *Pleading,   Negativing Assumption of Known Risk.*

In an action by a servant against a master for negligence, the declaration should negative the assumption of a known risk, or state an excuse for continuing the work if it was known.

Opinion in *Flynn* v. *International Co.*, 24 R. I. 291, corrected.

Opinion in *Lee* v. *Reliance Mills*, 21 R. I. 322, distinguished from *Flynn* v. *International Co.*, 24 R. I. 291, and case at bar.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

STINESS, C. J.  This case comes before us on defendant's demurrer to the declaration, upon the ground that it does not appear that the defective condition of the pump complained of

was unknown to the plaintiff, or that with reasonable care and diligence said plaintiff could not have known of such defective condition.

The question is whether a declaration for negligence should state that the defect on which a cause of action is based was unknown to the plaintiff.

The object of a declaration is to state the case against the defendant, and the office of a demurrer is to require a sufficient statement when the declaration is deficient. The reason for this is that a defendant should not be put to the trouble and expense of a trial, possibly by an irresponsible plaintiff, unless a case is stated upon which the plaintiff, *prima facie* at least, has a right to recover.

In negligence cases a plaintiff's right to recover is limited by his contributory negligence and by his assumed risks.

It is now common practice to negative the limitation of contributory negligence by the allegation of due care on the part of the plaintiff.

In regard to assumed risks there is a difference of opinion whether this should be regarded as a matter of defence or a fact to be negatived in the declaration. See 5 Ency. Pl. & Pr. p. 4.

In this State it has been considered, in cases between master and servant, that, since a servant entering or continuing in service under a known risk cannot recover unless some sufficient excuse is shown, he does not state a case unless he shows that he had not assumed such risk whereby he might be precluded from recovery. If want of knowledge need not be alleged by the plaintiff, it need not be proved by him. The result would be, therefore, in holding that it need not be alleged, that a plaintiff could put in his case without reference to his knowledge of the alleged defect, and the defendant upon showing such knowledge, not excused, would be entitled to a verdict. This, however, occasions unnecessary hardship to a defendant, when the case might have been determined on the pleadings. It is no hard rule for a plaintiff to require the averment, for if he cannot state that he was ignorant of the defect it must be because he knew it; and if he knew it, and

was without excuse for continuing to work in the face of it, he is without right to recover. Such a question should be settled, as far as possible, on the pleadings. With due respect to courts holding otherwise, we are of opinion that the allegation of want of knowledge is essential to the statement of a case as much as the averment of due care by the plaintiff, and is more consonant with proper pleading and the convenience of parties than to leave it to be set up in defence. If a plaintiff must negative contributory negligence, why should he not also negative an assumed risk which his silence apparently admits?

·In *Kelley* v. *Silver Spring*, 12 R. I. 112, the doctrine of assumed risks was fully settled, and has since been followed without question. *Di Marcho* v. *Builders*, 18 R. I. 514, held that the plaintiff must state the relation of the defendant and the agent causing the injury, so that it may appear whether he was a fellow-servant or not. *Flynn* v. *International Co.*, 24 R. I. 291, held that a declaration failing to state that the plaintiff did not know of the defect complained of as negligence was demurrable. In that case an omission of the word "not" occurred in transcribing the opinion, which should have been inserted in the sixth line. The opinion would then have read, "if the plaintiff knew of the defect, he was working under a known risk; if he did not know of it, the court could not say that the defect was not obvious and so charge him with notice as claimed in the demurrer." The demurrer was therefore sustained, because the declaration left open one of two possibilities; either a known or an obvious risk, without negation or excuse.

It is now urged that *Lee* v. *Reliance Mills*, 21 R. I. 322, is inconsistent with *Flynn* v. *International Co.* There is no conflict. As pointed out by Mr. Justice Tillinghast in *Baumler* v. *Narragansett*, 23 R. I. 430, the declaration in the Lee case set up that while the deceased was "necessarily absorbed in the work of operating the machine, so that he was obliged to give his entire attention thereto, and to work with rapidity and promptness," he was injured. It impliedly admitted knowledge and set up an excuse. The demurrer was on the ground that he might have been fully informed as to his surroundings.

Suppose he had been.   That could not affect the case stated in the declaration of necessary absorption.   Knowledge could be set up in defence upon the question whether there was due care under the circumstances, but it could not make the case stated demurrable.   That is quite different from *Flynn* v. *International Co.* and the case at bar, which cases allege defects simply, and the demurrer is upon the point of negativing knowledge of the defect.

Until recent years negligence cases in this State were rare; but, of those in our reports which state the pleadings, the custom has been to allege either want of knowledge of the defendant's negligence or an excuse.

See *Smith* v. *Tripp*, 13 R. I. 152;  *Cox* v. *Providence Gas Co.,* 17 R. I. 199;  *Parker* v. *Providence Co.*, 17 R. I. 376; *Wilson* v. *N. Y., N. H. & H. R. R. Co.*, 18 R. I. 491; *Disano* v. *New England Co.*, 20 R. I. 452;  *Jones* v. *New Am. Co.,* 21 R. I. 125;  *Pintorelli* v. *Horton*, 22 R. I. 374;  *Baumler* v. *Narragansett*, 23 R. I. 430;  *King* v. *Interstate*, 23 R. I. 583; *Baumler* v. *Narragansett*, 23 R. I. 611;  *Milhench* v. *Jenckes*, 24 R. I. 131;  *Cox* v. *American Co.*, 24 R. I. 503;  *Russell* v. *Riverside*, 24 R. I. 591;  *Paoline* v. *Bishop*, 25 R. I. 298.

(1)     As a general rule, therefore, the plaintiff should negative the assumption of a known risk.   The cases cited will furnish illustrations of excuse for continuing work by necessary absorption, by lack of appreciation of danger, from youth, inexperience, emergency, etc., by promise to repair a defect, and by inability to know the exact cause of the injury, but stating enough to raise a presumption of negligence.

In the case at bar it is alleged that the plaintiff was putting a ring packer on the plunger of a pump, in the course of his duty;  that the valve was unsafe and out of repair, permitting steam to escape so that the plunger was liable to start up at any time, and that it did start while he was at work upon it, whereby his hand was injured.

So far as appears from the declaration this condition may have been known to the plaintiff, and the risk of working on it assumed by him.   It does not state that it was not known, or state any excuse for so working on it if it was known.

The natural inference from what is stated is that it was known, and so an assumed risk.

The demurrer to the declaration is sustained.

*Lewis A. Waterman,* for plaintiff.

*Henry W. Hayes, Frank T. Easton and Lefferts S. Hoffman,* for defendant.