ZOE LAFORREST, Admx., *vs.* JEREMIAH F. O'DRISCOLL.

PROVIDENCE—JANUARY 10, 1905.

PRESENT: Tillinghast, C. J., Douglas, and Dubois, JJ.

(1) *Negligence. Res Ipsa Loquitur.*

Declaration for negligence alleged that while defendant was unloading a consignment of lumber from a car in yards of a railroad company it fell and fatally injured plaintiff's intestate, a general laborer in the employ of the railroad company, who was working near the car, and charged the negligence specifically in that the lumber was piled upon the car without being tied, fastened, or confined:—

*Held*, that the doctrine of "*res ipsa loquitur*" did not apply, since the falling of pieces of lumber while being unloaded is not such an occurrence as does not happen in the ordinary course of things, even while those in control are in the exercise of proper care.

(2) *Negligence.*

*Held*, further, that defendant was not responsible for the manner in which the lumber was piled upon the car when he received it, but his duty was simply to use reasonable care in unloading it.

*Held*, further, that the declaration was bad in that it failed to set out wherein the defendant was negligent in unloading the car.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

TILLINGHAST, C. J.   The declaration in this case sets out,. in substance, that the defendant was negligent in unloading lumber from a car which was under his control for the purpose of being unloaded, in one of the yards of the N. Y., N. H. & H. R. R. Co., and that by reason of such negligence the plaintiff's intestate, who was at work as a general laborer for the railroad company in said yard, and near to said car, was fatally injured by the falling of a part of said lumber upon him.

The specific charge of negligence which the pleader makes,. if it can be called such, is that at the time the defendant received and unloaded the lumber it was piled together in a high pile on said car, and was not tied, braced, fastened, or confined thereon,. as the defendant well knew, by reason whereof it was liable to fall from said car to the ground and to injure anyone in close proximity thereto.

The defendant demurs to this declaration on the grounds (1) that no negligence of the defendant is shown therein, as the tying, fastening, and confining of the lumber on said car is inconsistent with unloading it therefrom; (2) that the declaration predicates a liability on the defendant, simply . because an accident happened to the intestate; and (3) that, so far as appears from the declaration, the plaintiff's intestate was guilty of negligence in assuming a position of obvious danger.

In support of the declaration, plaintiff's counsel contends. that the mere fact that the lumber fell, under the circumstances set out, is sufficient to raise a presumption of negligence on the· part of defendant; that the load of lumber was under his control, and in the ordinary course of things it would not have· fallen to the ground while being unloaded if proper care had been exercised.

In support of the position thus taken, counsel cites *Cox* v. *Gas Co.*, 17 R. I. 199, where Durfee, C. J., in delivering the opinion of the court, said: " The cases are numerous which hold that the happening of the accident may, in itself, amount to· *prima facie* evidence of negligence, when the cause or instru-

mentality of the accident is under the defendant's control, and when such an accident does not ordinarily occur if due precautions be taken; and of course, if it is not necessary to prove the *particular* negligent act or omission, or the *particular* defect, to which the accident is attributable, it is not necessary to aver it." He then quotes from the opinion of Channell, B., in *Bridges* v. *North London Railway Co.*, L. R. 6 Q. B. 377, 391, the following: "In such cases the plaintiff may give the required evidence of negligence *without himself explaining the real cause of the accident,* by proving the circumstances and thus raising a presumption that, if the defendant does not choose to give the explanation, the real cause was negligence on the part of the defendant."

That the rule as thus concisely stated is undoubtedly correct there can be no question; but it is not applicable to the case before us. In the Cox case the injury complained of was caused by the explosion of a gas-tank in the ground near where the plaintiff was at work. And the declaration which was demurred to alleged that the cause of the explosion was due to some defect in the tank, or in the approaches to or connections with the same, of which the plaintiff had no knowledge nor means of knowledge.

That case was therefore materially different in its facts from the case at bar. For there it was alleged that the plaintiff had no means of knowing either of the existence or of the dangerous condition of the instrument by which he was injured; or even if he did know that the gas-tank was near to him, yet he had the right to presume that it was properly constructed and in a safe condition, as such appliances ordinarily are. And hence he had no occasion to anticipate danger therefrom in any event.

Suppose, by way of illustration, that a workman is employed in the immediate vicinity of a stationary steam-engine which belongs to and is being operated by another person with whom said workman has no business relations; and suppose that while thus at work said steam-engine explodes, by reason of some defect therein which was known to the owner or ought to have been known to him, and injury results to the first-named

person. In such case the latter could not be called upon to allege or prove wherein the defect existed, as this would be unreasonable. But it would be enough for him to show the happening of the accident in the manner suggested, and the burden would be upon the defendant, the owner of said steam-engine, to show that he was free from negligence. The doctrine of *"res ipsa loquitur"* obtains in such a case. That is, the happening of the accident, without more, shows *prima facie* negligence on the part of the owner of the thing which caused the injury.

In the case at bar there was no hidden or undiscoverable danger in connection with the unloading of said car, either to the persons directly engaged in the operation or to the plaintiff's intestate, who was evidently working near by when he was injured. He only had to use his eyes and his senses in order to ascertain the conditions which surrounded him, and if he failed to do so it would seem to be his own neglect. But we are not now called upon to pass upon the question of his contributory negligence.

Counsel for plaintiff also cites *Ellis* v. *Waldron,* 19 R. I. 369, as sustaining his position.

The plaintiff in that case was injured by the falling of an elevator while he was lawfully using the same, and we held in effect, on demurrer to the declaration, that it was sufficient for the plaintiff to allege that he was injured while lawfully using the elevator; that, in the absence of obvious defects, he had the right to presume that it was safe and free from defects.

That was a case where the doctrine of *"res ipsa loquitur,"* was clearly applicable. The thing spoke for itself. The elevator fell and the plaintiff was injured. He had no knowledge or means of knowledge as to its defective condition, and the accident was such as does not happen in the ordinary course of things, if those who have the charge and control of such an appliance exercise proper care. All that the plaintiff was called upon to allege, therefore, in order to state a case, was the fact of the happening of the accident under the circumstances set out. This raised a presumption of negligence on

the part of the defendant and called upon him to rebut such presumption.

That case, therefore, is clearly distinguishable from the case at bar upon the facts stated, and can not be held to sustain the declaration now before us.

The English case of *Byrne* v. *Boadle*, 2 Hurl. & Colt. 722, relied on by plaintiff's counsel, was a case where the plaintiff was injured by the falling upon him of a barrel of flour from a window in defendant's shop. The plaintiff was lawfully on the highway at the time, and saw nothing to warn him of any danger.

No evidence having been offered except as to the happening of the accident, it was contended by defendant that the plaintiff had failed to make out a case, and the trial court so ruled and nonsuited the plaintiff.

On a rule *nisi*, to enter the verdict for the plaintiff on the ground of misdirection in the trial court, the Court of Exchequer reversed this ruling and entered a verdict for the plaintiff on the ground that the accident itself, under the circumstances, afforded *prima facie* evidence of negligence on the part of defendant.

That case also illustrates the doctrine of *"res ipsa loquitur,"* but it is so clearly distinguishable from the one now before us on the facts, that it requires no argument to show its inapplicability thereto.

The English case of *Scott* v. *London Docks Co.*, 3 Hurl. & Colt. 596, cited by plaintiff's counsel, is almost precisely similar to *Bryne* v. *Boadle, supra*, and was governed by the same rule.

*Kearney* v. *London Ry. Co.*, 5 Q. B. 411, probably goes as far in support of the doctrine of *"res ipsa loquitur"* as any case that can be found, but it does not go far enough to sustain the declaration in the case at bar.

The plaintiff in that case alleged that the defendants were possessed of a certain bridge over a public highway, and that it became their duty to keep it in repair so that it should not be injurious to any person passing under it; yet that the defendants so negligently maintained said bridge that while the plaintiff was lawfully passing under it a portion of the materials

thereof fell down upon and injured the plaintiff. The proof showed that a train had just passed over the bridge, and that while the plaintiff was passing under it a brick fell from the top of one of the pilasters, where one of the girders rested, and injured him.

The defendants called no witnesses, but rested their defence on there being no evidence of negligence on the part of defendants.

The jury found a verdict for the plaintiff, and the Court of Queen's Bench, by a majority opinion, sustained the same.

Cockburn, C. J., in delivering the majority opinion, said: "My own opinion is, that this is a case to which the principle *res ipsa loquitur* is applicable, though it is certainly as weak a case as can well be conceived in which that maxim could be taken to apply. . . . There was some evidence to go to the jury, however slight it may have been, of this accident having arisen from the negligence of the defendants. And it was incumbent on them to give evidence rebutting the inference arising from the undisputed facts."

Lush, J., in concurring, said: "I think therefore, in the absence of any explanation whatever, of how it was the brick got so loose as to fall down on the passerby, the jury might reasonably have inferred that the company were negligent, and that if they had made a proper inspection they might have found out the condition of the bridge."

We have thus briefly reviewed all of the cases relied on by plaintiff's counsel in support of his contention that the mere happening of the accident in question in the manner set out in the declaration shows *prima facie* negligence on the part of defendant, and we are clearly of opinion that none of them furnish such support. We have also examined many other authorities bearing upon the same general question, with the same result. See *McCray* v. *Ry. Co.* 89 Texas, 168, and cases cited; *Ins. Co.* v. *Vermont Ry. Co.* 56 Albany Law Journal, 96; *Cummings* v. *Furnace Co.*, 60 Wis. 603; *Treadwell* v. *Whittier*, 80 Cal. 574; Labatt on Master and Servant, § 834, and cases in notes.

(1)    We do not think it can be said that the falling of pieces of

lumber from a car which is being unloaded is such an occurrence as does not happen in the ordinary course of things, even where those who have the charge and control of the work are in the exercise of proper care. On the contrary, we think it may safely be said that it is matter of common knowledge that such things do frequently occur.

Having thus found that the doctrine of *"res ipsa loquitur"* does not apply to the case at bar, the only remaining inquiry is whether the declaration shows any act of negligence on the part of defendant.

We do not think it does. The specific charge of negligence contained in the declaration we have already referred to, viz., "That at the time the defendant received, held, cared for and unloaded said lumber, it was piled together in a high pile on said car, and was not tied, braced, fastened or confined thereon, as the defendant well knew," &c. This charges no negligence against the defendant. For the manner in which the lumber was piled upon the car at the time when he received it, he was clearly not responsible. He took the car as he found it, and, of course, was obliged to take it in that condition or not at all. If it was not tied, braced, or fastened upon the car, it was not his fault, and nothing for which he can be made chargeable. His duty simply was to unload the car which came to him, and to use reasonable care in so doing. And the declaration does not specify any neglect of this duty, but simply states that the lumber fell upon the plaintiff by reason of "said negligence of the defendant and his agents and servants, of the character and details of which negligence, otherwise than as aforesaid, the plaintiff is ignorant, and so can not more fully set out the same."

This is clearly insufficient. In order to state a case the plaintiff is called upon to set out wherein the defendant was negligent in unloading the car, and this he has failed to do. The only specific negligence charged is that of the shipper or consignor of the lumber. And with that we are of course not concerned.

In *Smith* v. *Tripp*, 13 R. I. 152, this court said that: "It is not enough to show that the defendant has been guilty of

negligence without showing in what respect he was negligent; and how he became bound to use care to prevent injury to others. So, too, it is not enough to state a relation from which the duty may arise under certain circumstances, but, unless the duty necessarily results from the relation, the circumstances which give rise to it must likewise be stated." See also *Wilson* v. *Ry. Co.*, 18 R. I. 491; *Martello* v. *Fusco*, 21 R. I. 572; *Laporte* v. *Cook, supra; Dalton* v. *R. I. Co.*, 25 R. I. 575.

Finally, even if the lumber had been properly tied and fastened upon the car when it was received, of course it goes without saying that it must have been untied and unfastened before it could be removed from the car. And we therefore fail to see any force in the allegation that it was not properly tied and fastened when the defendant took charge of it.

The demurrer is sustained, and case remanded for further proceedings.

*Irving Champlin and Frank H. Bellin,* for plaintiff.

*John W. Hogan and Philip S. Knauer,* for defendant.