MARY E. KELLY *vs.* WALDO E. DAVIS.

JANUARY 14, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Negligence.   Pleading.*

In an action for negligence, the declaration must allege the facts which are the basis of defendant's supposed duty to plaintiff and the breach of such duty. When the facts are possible of ascertainment a general allegation of negligence is not sufficient; in such a case it must be alleged with reasonable certainty in what respect defendant was negligent. The defendant is entitled to receive fair notice by the declaration of the claim he is required to defend.

*(2)   Negligence.   Pleading.*

The burden of proof is upon a plaintiff to establish the particular negligence of a defendant alleged in the declaration and that such negligence was the proximate cause of plaintiff's injury.

*(3)   Automobiles.   Negligence.*

*Semble:*— where G. L. 1923, cap. 98, sec. 20, provides that no operator of an automobile shall allow it to stand unattended upon any highway without first locking or making it fast in such manner as to prevent it from being set in motion, contrary to the will of the owner or person in charge; it is not

to be presumed without good reason that the legislature intended to abrogate the general rule that there must be a causal relation between the violation of the duty and the injury to render a defendant liable and that such violation must be the proximate cause of the injury.

TRESPASS ON THE CASE FOR NEGLIGENCE. Heard on exception of defendant and sustained.

STEARNS, J. Trespass on the case for negligence. After a jury trial and a verdict for plaintiff, the case is in this court on defendant's bill of exceptions.

There are two counts in the declaration. The first alleges that defendant drove his automobile on Lockwood street near plaintiff, who was walking on the sidewalk, and stopped and left it unattended and uncontrolled with the motor running "so said automobile was likely to run down and upon said plaintiff or other persons lawfully upon Lockwood street". That it was the duty of defendant, on leaving his automobile, to stop the motor so that the automobile might not run upon persons on the highway. The breach of duty alleged was the neglect to stop the motor, as a consequence of which neglect it is alleged the automobile ran down the highway and upon the sidewalk and injured plaintiff.

The second count alleges that defendant negligently operated and drove his car, so that it collided with plaintiff and injured her.

The facts are as follows: About two o'clock in the afternoon of May 4, 1925, plaintiff was walking on the southerly sidewalk on Lockwood street in Providence. Meadow street, which runs from Lockwood street to the north, is a short street, practically level, with a grade sufficient only to allow surface water to run onto Lockwood street. When plaintiff came to a point opposite the entrance of Meadow street she was knocked down and injured by defendant's automobile. She did not see or hear the automobile before she was struck.

A witness for plaintiff testified that he was walking on Lockwood street; when he came to the corner of Meadow

street he looked up Meadow street and saw an automobile running down the street on the right hand side; he saw no one in it. The automobile ran across Lockwood street onto the sidewalk and knocked plaintiff down; he saw two boys running around the corner of Meadow street.

Defendant was called as a witness for plaintiff and testified that he owned the automobile and that he had left it sometime before the accident on Meadow street.

. Defendant moved for a nonsuit, which was denied. Defendant then testified, in defense, that about twelve o'clock noon, he parked his car on the right hand side of Meadow street in front of his place of business, at a point about 75 feet from the corner of Lockwood street; he stopped the motor, turned off the gasoline supply, put on the emergency brake and put the speed control into neutral; he was not positive whether the car was locked or not. On cross-examination he stated that the motor is started by a switch; that there is a key to the switch which he left in the car. After leaving the automobile defendant went to luncheon and then to a barber shop and while there he was notified of the accident.

One witness testified that she passed plaintiff on the sidewalk; looking up Meadow street she saw two boys who were perhaps nine or ten years old on the runningboard of an automobile which was not in motion.

Another witness stood in a garage door 200 feet away; he saw the automobile run onto the sidewalk and into a fence; there was a small boy about ten years old in the automobile who jumped out and ran away when the car hit the fence; this witness had passed this automobile about twenty minutes before; it was then stationary, the motor was not running and no one was near it. Defendant moved for the direction of a verdict. The motion was denied.

The trial justice instructed the jury that upon the evidence it appeared that defendant parked his car in a proper manner, the brakes were set, the clutch thrown off and the ignition was turned off; that the only possible evidence of

any negligence that could be claimed was the leaving of the key in the ignition switch.

Defendant's request to charge the jury that "if you find that defendant's automobile was left by defendant so that it would not start itself or by reason of natural forces and that it was started by the unforseeable voluntary act of a third person, you should find for the defendant" was denied and no instructions on this principle of law were given to the jury.

The two exceptions are to the refusal to direct a verdict and to charge the jury as requested. It is unnecessary to consider the second exception. The refusal to direct a verdict was erroneous and the exception thereto is sustained. There was no evidence to support either count of the declaration. Defendant was not operating the car, as alleged in the second count. The first count is loosely drawn, but drawing every permissible inference in favor of plaintiff, the case stated is that defendant left his motor running when he stopped and as a consequence the automobile without the interposition of any human agency started in motion and ran into plaintiff. In an action for negligence the declaration must allege the facts which are the basis of defendant's supposed duty to plaintiff and the breach of such duty. When, as in this case, the facts could have been ascertained by plaintiff, a general allegation of negligence is not sufficient; in such a case it must be alleged with reasonable certainty in what respect defendant was negligent. The defendant is entitled to receive fair notice by the declaration of the claim he is required to defend. *Smith* v. *Tripp*, 13 R. I. 152; *Cox* v. *Prov. Gas Co.*, 17 R. I. 199; *Wilson* v. *N. Y., N. H. & H. R. R. Co.*, 18 R. I. 491; *LaForrest* v. *O'Driscoll*, 26 R. I. 547; *Lee* v. *Reliance Mills Co.*, 21 R. I. 322. The burden of proof is upon plaintiff to establish the particular negligence of defendant alleged and that such negligence was the proximate cause of plaintiff's injury. Plaintiff did not sustain the burden. The facts were un-

disputed. There was no issue to submit to the jury and a verdict should have been directed.

In support of the verdict, it is claimed that defendant (2) was guilty of negligence because of his violation of a statutory duty. G. L. 1923, C. 98, s. 20 provides that no operator of any motor vehicle shall allow it to stand unattended upon any highway, without first locking or making fast such motor vehicle in such manner as to prevent it from being set in motion contrary to the will of the owner or person in charge thereof. The claim is that the leaving of the key in the ignition switch was negligence as a matter of law. The statute requires either the locking or the making fast of the (3) motor vehicle. In Webster's Dictionary "fast" is defined as "not loose or easily moved; immovable". But the question of the precise amount of precaution necessary to be taken in leaving an automobile unattended, is not in issue upon this declaration and the construction of the statute is not now relevant. In this connection, however, it may be said that it is not to be presumed without good reason that the legislature intended to abrogate the general rule that there must be a causal relation between the violation of the statutory duty and the injury to render defendant liable and that such violation must be the proximate cause of the injury. Merely turning on the ignition switch would not set the automobile in motion. Other acts requiring some knowledge of the mechanical operation of this particular make of automobile were necessary to start it in motion.

Defendant's exception to the refusal to direct a verdict is sustained. Plaintiff may appear before this court on January 19, 1927, at ten o'clock a. m. and show cause why an order should not be made remitting the case to the Superior Court with direction to enter judgment for defendant.

*Robinson and Robinson, David C. Adelman,* for plaintiff.
*Sherwood, Heltzen and Clifford, Sidney Clifford,* for defendant.