JUNE E. ESTABROOK *vs.* WEBBER MOTOR COMPANY.

CURTIS G. ESTABROOOK *vs.* WEBBER MOTOR COMPANY.

Penobscot.      Opinion, July 27, 1940.

22

*Stern & Stern*, for plaintiffs.
*James M. Gillin*,
*Myer W. Epstein*, for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, JJ.

MANSER, J. These two cases have previously been considered as to the sufficiency of the declarations in the plaintiffs' writs. Special demurrers were filed and sustained and this court overruled exceptions. 136 Me., 233; 7 A., 2d, 894. The plaintiffs then offered amendments, identical in language, so the two do not need separate consideration. Upon objections the amendments were disallowed, and the cases again come forward on exceptions.

The actions are for injuries sustained as a result of alleged latent defects in an automobile sold to Curtis G. Estabrook, one of the plaintiffs, which automobile some five months later, while being driven by the other plaintiff, June E. Estabrook, left the road, turned over and caused personal injuries.

In the former decision, the court pointed out that it is not sufficient to allege merely that a machine which causes injury is defective, and before being required to answer, the defendant was entitled to a definite statement as to the defects, and that to be so informed is not a technical requirement, but a fundamental right. The original declaration upon the point under consideration charged that the defendant on the eighteenth day of May, 1932,

"did negligently and carelessly sell and furnish the plaintiff with the said Ford automobile, and did negligently and carelessly service the said Ford automobile, which said Ford automobile the said defendant did then, there, and thereafter negligently and carelessly cause and permit to have and contain certain latent defects in the steering gear thereof, and also in other respects ; so that, thereafter and heretofore, to wit on the 13th

day of October, 1932 ... by reason of the said qualities and defects that made said instrumentality dangerous, which qualities and defects the defendant knew, or should have known if in the exercise of due care, the said Ford automobile became suddenly and without warning unmanageable," etc.

The proffered amendment to be appended to the original count was as follows:

"And the plaintiff further alleges and avers that the aforesaid latent defects which made said automobile an imminently dangerous instrumentality and which caused it to become suddenly and without warning unmanageable and uncontrollable were not and could not become known to the plaintiff by the exercise of due care which due care the plaintiff has at all times exercised; but that said latent defects were known to the defendant or could and should have been known to the defendant by the exercise of due care in the performance of its duties aforesaid; that from the nature of this case and the machine involved these facts were then and there and at all times peculiarly within the knowledge or notice of the defendant, and it is not within the power of the plaintiff to specify further than in the foregoing declaration in what particulars the defendant was negligent, except to say that the defendant having knowledge or notice of said latent defects, in negligent disregard of its aforesaid duties, did then and there negligently sell and furnish the said imminently dangerous instrumentality, and did then and there and thereafter negligently cause and permit said automobile to have and contain the said latent defects, and did then and there and thereafter negligently misrepresent said automobile as being free from said latent defects and as being fit to buy, drive, and ride in."

In both written and oral arguments for the plaintiffs, counsel contended that the original declarations were sufficient and that the former decision was wrong. Emphasis was placed on the allegation that the defendant sold to the plaintiff a dangerous instrumentality with latent defects of which the defendant knew or should have known, and that the court failed to consider such allegation.

This is obviously not the correct method to pursue to secure a review and reconsideration of a judicial decision. The correct method is pointed out in *Summit Thread Co.* v. *Corthell*, 132 Me., 336, 171 A., 254, and the reason stated in the brief that "It seemed more convenient and less expensive to move to amend" does not constitute a valid ground for departure from established procedure.

Further, it is contended that the amendments are allowable because they contain a fuller statement of plaintiffs' claims, citing *Anderson* v. *Wetter*, 103 Me., 257, 69 A., 105. They do by reiteration, but do not rectify the particular insufficiency pointed out in the former decision.

Reliance is placed upon the case of *Flaherty* v. *Helfont*, 123 Me., 134, 122 A., 180, as authority for the rule that, in cases of instrumentalities whose dangerous qualities are latent and not obvious, manufacturers, vendors or distributors who intentionally or negligently fail to inform persons dealing with them of such qualities, are liable for injuries caused thereby to persons whose exposure to the danger could reasonably be contemplated, and that automobiles may become such instrumentalities through latent defects in brakes, steering gear or in other respects. The court in that case was stating a substantive rule of law and not passing upon the sufficiency of pleading, which was not in issue.

Examination of the cases cited by the court to the principles laid down in the above case reveals that the defects complained of were definitely asserted by the respective plaintiffs.

In *Johnson* v. *Cadillac Motor Car Co.*, 261 Fed., 878, the complaint alleges that spokes in the wheel of the vehicle were made from dead, dozy and rotten timber, unfit for the purpose, and their strength further weakened by holes bored therein.

So in *Collette* v. *Page* (R. I.), 114 A., 136, allegation was that the automobile was in a dangerous state of repair on account of bolts being loose, which ordinarily made the radius rod of the automobile secure.

Again, in *Texas Co.* v. *Veloz*, 162 S. W., 377, claim was that the automobile was in bad repair in that the tires were punctured and there was a defect in the carburetor, causing the car to run at a rapid and excessive rate of speed.

In *MacPherson* v. *Buick Motor Co.*, 217 N. Y., 382, 111 N. E.,

1050, it is shown that the complaint was that the spokes of one of the wheels were made of defective wood and crumbled into fragments.

In *Olds Motor Works* v. *Shaffer*, 145 Ky., 616, 140 S. W., 1047, the defective condition complained of was the unsafe attachment of a rumble seat to a tool box so that the box split, causing the accident.

None of these cases support the plaintiffs' contention that specific allegations as to defective condition are unnecessary.

There is, however, a new element in the proposed amendments, which, though not commented upon by counsel on either side, requires consideration. It is the allegation, not contained in the original declaration, that the latent defects "were not and could not become known to the plaintiff by the exercise of due care," and "It is not within the power of the plaintiff to specify further than in the foregoing declaration in what particulars the defendant was negligent."

Does this allegation sufficiently excuse the plaintiffs from setting forth the particular defects? To determine this question the court must first have regard to the recognized requirements of pleading in this jurisdiction. Beginning with *Foster* v. *Beaty*, 1 Me., 304, the court said:

> "The declaration must state a good cause of action, and there must be an averment of all those facts which it is necessary should be proved to entitle the plaintiff to a verdict."

Again, in *Ouelette* v. *Miller*, 134 Me., 162, 183 A., 341, 343, the court quoted from *Boardman* v. *Creighton*, 93 Me., 17, 44 A., 121, as to the requisites of a good declaration in an action of negligence as follows:

> "It ought to state the facts upon which the supposed duty is founded, and the duty to the plaintiff, with the breach of which the defendant is charged. It is not enough to show that the defendant has been guilty of negligence, without showing in what respect he was negligent, and how he became bound to use care to prevent injury to others."

In *McGraw* v. *Paper Co.*, 97 Me., 343, 54 A., 762, it was alleged that the plaintiff was set to work upon a machine called a barker and the defendant was charged with negligence in "that said barker was

then and there defective and dangerous, and was out of repair, so that the operation of said barker was then and there attended with great dangers and hazards." The court held:

"Good pleading requires in such case a definite statement of the particular defect, so far as it may be practicable to state it, which caused the injury, to the end that the defendant may know what claim he is to meet, and to which the evidence is to be directed. There may be cases of a complicated machine, where it may not be practicable or even possible to allege with certainty the identical defect causing the injury, but even in such case it may be stated in sufficiently specific terms to indicate to the defendant the charge he is called upon to meet, — or the difficulty may be obviated by several counts, with such variations as circumstances may require."

In *Sessions* v. *Foster*, 123 Me., 466, 123 A., 898, 899, the court stated:

"But under the established rules of common law pleading in civil actions the plaintiff's declaration must contain a clear and distinct averment of the facts which constitute the cause of action, and it must set them out with that degree of certainty of which the nature of the matter pleaded reasonably admits, in order that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court that is to give judgment. . . . It is not enough to refer to matters in an uncertain, doubtful and ambiguous manner, as a kind of general dragnet to meet whatever evidence may be presented."

Such are the general rules as to the necessity of particularity in pleading as laid down in our own decisions.

Attention must now be directed as to whether the amended declarations comply "with that degree of certainty of which the nature of the matter pleaded reasonably admits," and contain "a definite statement of the particular defect, so far as it may be practicable to state it." In 45 C. J., 1084, Sec. 654, is a comprehensive statement in the following language:

"Plaintiff is required to state the facts constituting the negligence complained of only so far as they appear to be properly within his knowledge; and therefore, as an exception to the rule that he is required to set forth the act or omission which constitutes the negligence complained of with a reasonable degree of certainty and particularity, it is also a well settled rule that, where the facts pertaining to the negligence are peculiarly within the knowledge of the defendant and are such that plaintiff cannot be expected to know them, such facts may be alleged with less certainty and particularity than would otherwise be necessary. In such a case it is sufficient to allege the act or omission constituting the negligence complained of in a general way, and the particulars of the negligent act or omission which caused the injury need not be alleged. Where, however, the facts could have been ascertained by plaintiff, he must allege with reasonable certainty in what respect defendant was negligent; and it has been held that the mere fact that defendant has complete knowledge concerning the instrumentality which caused the injury does not relieve plaintiff from setting out the particulars in which defendant was negligent in respect of such instrumentality."

Applying the principles thus set forth, it is evident that when special demurrers are interposed in cases of this character, it is not merely the allegation of knowledge as to latent defects by the defendant and want of such knowledge by the plaintiffs which solves the question, but whether such allegation is sufficient or instead more particulars should be required, considering the nature of the matter pleaded.

From the entire declaration is to be obtained the salient facts. It is set forth, in effect, that the defendant was a distributor of Ford automobiles and sold a new de luxe roadster to one of the plaintiffs. The car was delivered and was in the possession and use of the plaintiffs for five months, when suddenly one day the car became unmanageable, left the road and overturned. The claim of negligence is that the defendant caused and permitted the car to have "certain latent defects in the steering gear thereof and also in other respects."

The defendant, by demurrer, raises the issue that it should not be compelled to meet any such vague charge. The mere fact that the car left the road while being operated by one of the plaintiffs raises no presumption or inference of a latent defect. Negligence of the operator might be inferred under the doctrine of *res ipsa loquitur* as held in *Chaisson* v. *Williams*, 130 Me., 341, 156 A., 154, and *Shea* v. *Hern*, 132 Me., 361, 171 A., 248. Inspection and examination of the car, and its mechanical condition, after the accident, with the resultant information thereby obtainable, was entirely open to the plaintiffs, who had exclusive possession. That such examination was undertaken, with negative results, is not alleged. Instead, after a lapse of five years and ten months, suit is instituted not against the manufacturer, but against a sales agent in Bangor, alleging indefinitely a latent defect, of which "the defendant knew, or should have known."

We agree with the principle as stated in *Kelly* v. *Davis*, 48 R. I., 94, 135 A., 602. There the court said:

"the case stated is that the defendant left his motor running when he stopped and as a consequence the automobile, without the interposition of any human agency, started in motion and ran into plaintiff. In an action for negligence, the declaration must allege the facts which are the basis of defendant's supposed duty to plaintiff, and the breach of such duty. When, as in this case, the facts could have been ascertained by plaintiff, a general allegation of negligence is not sufficient; in such a case it must be alleged with reasonable certainty in what respect defendant was negligent. The defendant is entitled to receive fair notice by the declaration of the claim he is required to defend."

We do not need to endorse or subscribe to the rule adopted in the Georgia court which holds that specification of the particulars of the negligence relied on cannot be avoided by an allegation that the plaintiff has been unable to ascertain the particular acts of negligence causing the injury, and that on account of the manner in which the injury was inflicted they were matters more peculiarly within the knowledge of the defendant than of the plaintiff. This is laid down in *Hudgins* v. *Coca Cola Bottling Co.*, 122 Ga., 695, 50 S. E., 974, citing a line of former decisions of that court. The rule of

*res ipsa loquitur* not being applicable, there is, however, force in the question propounded in the above case:

"What proof of negligence could be offered when he (plaintiff) avers that he cannot, for want of information, allege any specific act of negligence?"

In any event, the plaintiffs should show that they come clearly within exception to the well-settled rule requiring particularity in specification of acts of negligence or defective conditions. They have made no attempt to do so in this case but instead from the facts they do allege appear to be chargeable with the means of knowledge and their bare assertion of lack of information cannot control.

It is deemed proper to comment as to the record with relation to the ruling of the presiding justice. It is noted that the presiding justice in his extemporaneous observations indicated that he believed the amendment undertook to introduce a new cause of action, and apparently based his decision largely upon that ground. The reasoning might well be open to argument, but it is the decision and not the reason given therefor which is the determining factor. Two elements must be found to exist in order to sustain exceptions. One is that the ruling complained of was wrong, and the other that the party was aggrieved. In these cases neither element is present. Exceptions are not claimed and would not lie to reasons given for the ruling, but only to the ruling itself. When the presiding justice has arrived at a correct result, the process of reasoning which brought him thereto is without significance. To hold otherwise would be trifling with judicial procedure. *Gordon* v. *Conley,* 107 Me., 286, 78 A., 365 ; *Mencher* v. *Waterman,* 125 Me., 178, 132 A., 132, and cases there cited.

*Exceptions overruled.*