EVELYN L. SAVAGE
*vs.*
AMERICAN MUTUAL LIABILITY INS. CO.

Cumberland.    Opinion, July 16, 1962.

*Basil A. Latty*, for the plaintiff.

*Mahoney, Thomes, Desmond and Mahoney,*

for the defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, SIDDALL, JJ. TAPLEY AND DUBORD, JJ., did not sit.

WEBBER, J. The plaintiff, holder of a judgment against one Margaret MacKenzie, now seeks to compel the payment of this judgment by the defendant insurance company. The defendant provided liability insurance on the automobile of one Jensen which was being operated by Miss MacKenzie at the time the plaintiff was injured. The issue is whether or not the operation was with the permission of the named assured within the meaning of the policy contract.

The pertinent provision of the policy states:

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured * * * and also includes any person *while using* the automobile and any person or organization legally responsible for the use thereof, provided the *actual use* of the automobile is by the named insured or such spouse or *with the permission of either.*" (Emphasis ours.)

The justice below found on the basis of supporting evidence that Miss MacKenzie was given permission by the insured to borrow the latter's automobile; that the stated purpose was the transaction of some personal business by

Miss MacKenzie in Westbrook; that the car was borrowed not later than 9:30 A.M. at the owner's home in Westbrook upon the understanding that it would be returned in not over an hour and a half; and that the plaintiff was injured while riding as a passenger in the car being then driven by Miss MacKenzie at about 7 P.M. on a highway several miles from the owner's home. No effort was made by the plaintiff to explain why the car should have been used for the entire day or why it should have been at the place where the accident occurred. The personal business to be transacted by the operator was such that it could have been transacted in a relatively brief period.

Relying on the authority of *Johnson* v. *Insurance Company*, 131 Me. 288, the justice below denied recovery. In that case we held that coverage extends to the operator only if his use at the time and place of the accident is within the scope of the permission granted by the assured. In effect the plaintiff urges that we reconsider the rule announced in *Johnson* and adopt the rule of "initial permission" which obtains in a few jurisdictions. The plaintiff contends that since Miss MacKenzie had permission to take and use the car in the first instance, she should be deemed to be covered by insurance even though at the time of the accident her use was for a purpose and at a time and place which represented a drastic deviation from that for which permission was originally granted.

In *Johnson* we reviewed some of the leading cases which support the "initial permission" rule and indicated that they were "not persuasive." It is interesting to note that since *Johnson* was decided in 1932, two of these cases have been virtually repudiated. In 1924 a divided court held in *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369, 125 A. 866, that the original permission to "go home and change his clothes" and "to hurry back" extended coverage to the operator even though he used the automobile to travel a dif-

ferent route for the purpose of visiting a number of saloons with friends. In 1941 the Connecticut court, presented with a rather similar factual situation, repudiated the "initial permission" rule and cited *Johnson* v. *Insurance Co.*, *supra*, with apparent approval. *Mycek* v. *Hartford Acc. & Indem. Co.*, 128 Conn. 140, 20 A. (2nd) 735. The court attempted to distinguish *Dickinson* as a case involving only "slight deviations" from the permitted use. Moreover the court expressly declined to follow the leading case of *Stovall* v. *N. Y. Indem. Co.* (1928), 157 Tenn. 301, 8 S. W. (2nd) 473, although the court in *Stovall* had relied upon *Dickinson* as the primary authority for its position. In any event it is now apparent that Connecticut no longer follows the rule of "initial permission."

In Tennessee the court has carefully limited the application of the rule of "initial permission" to those cases in which the operator is given "general custody" of the vehicle. In *Moore* v. *Liberty Mut. Ins. Co.* (1952), 193 Tenn. 519, 246 S. W. (2nd) 960, the court refused to apply the rule previously announced in *Stovall* to a case in which the permission to use the automobile was limited to a particular purpose. Distinguishing *Stovall*, the court said at page 961 of 246 S. W. (2nd): "The only distinction between the cases is the difference between general custody and a limited permission." The court apparently attached no significance to the fact that in *Stovall* permission was limited to use in the business of the employer-owner whereas the vehicle at the time of the accident was actually being used for the personal business and pleasure of the operator. The present state of the law in Tennessee was carefully analyzed in *Branch* v. *U. S. Fid. & Guar. Co.* (1952), 198 F. (2nd) 1007 and *Young* v. *State Farm Mut. Auto. Ins. Co.* (1957), 244 F (2nd) 333. The court concluded in these cases, as do we, that the earlier rule of "initial permission" announced in *Stovall* has been rejected.

We have given particular attention to *Dickinson* and to *Stovall* because they were long considered to be the two leading cases supporting the rule of "initial permission." In our view they can no longer be so regarded. See Anno. 5 A. L. R. (2nd) 632.

In states which provide for compulsory liability insurance by statute, the rule of "initial permission" finds favor because it implements an underlying legislative policy that, for the protection of the public, liability insurance should follow the automobile under nearly all circumstances. Nevertheless in Massachusetts, a compulsory liability state, the court saw no reason to apply the rule of "initial permission" to insurance coverage over and above the limits required by law. In *Blair* v. *Travelers Ins. Co.* (1935), 291 Mass. 432, 197 N. E. 60, the court declined to apply the rule of "initial permission" to a case in which the operator had permission to use the vehicle on a matter of business of mutual interest to the owner and himself but at the time of the accident was using it for his own pleasure. The court cited our opinion in *Johnson* with evident approval.

We doubt if among the courts which require that the use at the time of the accident be within the scope of the permission there are many which would not tolerate slight and inconsequential deviations from the permitted use. Some authorities have construed *Johnson* as applying a stricter rule. Anno. 5 A. L. R. (2nd) 600, 626. We do not so regard it. In *Johnson* there was a substantial deviation from the permitted use both as to purpose and place of operation. We find nothing in *Johnson* which would deny coverage where the actual use is primarily for the purpose for which permission was given and there are no more than minor deviations as to time and place of operation. Under such circumstances the risk of accident is not appreciably increased and permission would undoubtedly have been given for such use if it had been sought. Under such a rule the

insurer entrusts to the insured the extension of policy coverage but full effect is given to the restrictions imposed by the insured when he permits the use of the insured vehicle by another. In these days when reduced premiums are being offered to those who maintain a low level of accident liability, the ability of an insured owner to impose effective restrictions on permitted use by another becomes important to the insured as well as to the insurer. In the case at bar the justice below correctly construed *Johnson* as permitting minor deviations but found on the evidence that the deviations here constituted "a radical departure from that for which permission was given."

We note that *Johnson* has been cited and followed in the following cases in addition to those already noted above: *Standard Acc. Ins. Co.* v. *Rivet* (1937), 89 F. (2nd) 74, 77; *Powers* v. *Wells* (1935), 115 Pa. Super. 549, 176 A. 62, 63; *Hodges* v. *Ocean Acc. & Guar. Corp.* (1941), 18 S. E. (2nd) (Ga.) 28, 35. A like result was reached in *Travelers Ins. Co.* v. *Marcoux* (1941), 91 N. H. 450, 21 A (2nd) 161. We conclude that there is no occasion to depart from the rule announced in *Johnson*.

*Appeal denied.*