**ALLSTATE INSURANCE COMPANY, a corporation of the State of Illinois, Defendant Below, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation of the State of Ohio, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 29, 1970.

James F. Kipp of Becker, Kipp & Reardon, Wilmington, for appellant.

Robert G. Carey of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from a summary judgment in a declaratory judgment action brought by Nationwide Mutual Insurance Company against Allstate Insurance Company to determine which of the two insurance companies must provide primary coverage to one Robert Roper who had an automobile accident. The Superior Court held that Allstate must supply primary coverage. Allstate appeals.

Kathy Bower borrowed her father's car with his permission to take two friends to Rehoboth Beach. There she met Robert Roper who was her boyfriend. In giving Kathy permission to use his car, her father instructed her not to speed or race, and not to let anyone else drive the car.

In returning to Wilmington from Rehoboth Beach, Kathy asked Robert Roper to drive the car. While trying to pass a car in which other friends were riding, the accident took place. An injured passenger in the other car sued Roper for injuries she received. Allstate, the carrier for the Bowers automobile, disclaimed coverage on the ground that Roper did not have the permission of Kathy's father for the "actual use" of the car.

Nationwide is the insurer of Roper's father, and under its policy Roper is entitled to excess coverage over any other valid insurance when using a non-owned automobile with the owner's permission. Upon the disclaimer by Allstate, Nationwide defended Roper and ultimately settled the action.

Nationwide filed the present action in order to compel Allstate to provide coverage and pay the amount necessary to settle the case, including costs and attorneys fees.

Allstate's policy obliges it to pay all sums which covered persons become legally obligated to pay as damages arising out of the

use of the insured vehicle. Among the persons covered are:

"1. The named insured with respect to the owned or non-owned automobile;

"2. Any resident of the named insured's household with respect to the owned automobile;

"3. Any other person with respect to the owned automobile provided the actual use thereof is with permission of the named insured."

It is to be observed that the automobile of the insured was being operated by an individual who did not have permission from the owner to operate the car. Permission to operate the vehicle was given by the owner's daughter who had been instructed not to permit anyone else to operate the vehicle.

The issue, therefore, before us is whether or not coverage under subparagraph 3 above extends to Roper, the actual operator of the car at the time of the accident. The answer requires a construction of the phrase "actual use" used in subparagraph 3 above.

Nationwide contends that the "actual use" of the Bowers car was transportation for a trip to Rehoboth Beach and return to Wilmington, and that the owner had given his permission for this use. It further argues that any restriction imposed by the owner upon his daughter as to permission to drive was strictly a matter between father and daughter, and has no significance in determining the "actual use" permitted under the policy.

Allstate, to the contrary, argues that "actual use" includes the driving and operation of a vehicle. Accordingly, any restriction imposed by the owner as to who may actually operate the vehicle is a restriction on the "actual use" permitted.

The construction of provisions in insurance policies similar to subparagraph 3 quoted above is divergent among the states. Many cases are collected in an Annotation, 4 A.L.R.3rd 10, which show the diverging trends of various state courts in construing provisions in liability insurance policies similar to subparagraph 3 quoted above. We will not try to review all of the cases dealing upon this point. Suffice it to say that we think the better considered view is represented by Indemnity Insurance Company of North America v. Metropolitan Casualty Insurance Company of New York, 33 N.J. 507, 166 A.2d 355 (1960).

In that case the Supreme Court of New Jersey held that the Standard Omnibus Clause in an automobile liability insurance contract is to be construed broadly in favor of the insured and the injured so as to effectuate a strong legislative policy insuring financial protection for innocent victims of automobile accidents.

It is true that the insured under Allstate's policy gave permission to his daughter to use the insured automobile and also gave specific instructions to her that no one else should operate the automobile. This, however, to our mind, has no significance in the case before us.

The question before us is the meaning of the Omnibus Clause of Allstate's policy. That clause provides coverage for any person while using the automobile provided the actual use is with the insured's permission. Under the clause, if the use of the automobile is permitted, then coverage is automatically established. We agree with the Supreme Court of New Jersey that the word "use" and the word "operation" in this context are not synonymous. The use of the vehicle concerned is the purpose for which its use is permitted. As long as that use has been permitted, it is immaterial how the vehicle is operated. The insured having given his permission for a particular use, may not be heard to complain, nor may his insurance carrier be heard to complain that the operation of the vehicle in performance of the use or purpose has been conducted in a way which the insured not only did not contemplate but actually forbade.

Allstate relies primarily on two cases. The first is Nationwide Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co., D.P., 209 F.Supp. 83 (1962). That case, however, is not in point. Permission was given by the insured to his daughter to use his automobile. However, she arranged to turn it over to a person to whom permission to drive had not been given, and she went off on her own concern, and the person to whom she had turned the car over went off with the car on his own concern and had an accident. It was held that the car was not being used for the "actual use" for which permission had been given by the insured.

The second case is Prisuda v. General Casualty Co., 272 Wisc. 41, 74 N.W.2d 777 (1956). However, in the *Prisuda* case the Omnibus Clause of that policy was dissimilar to that of the Omnibus Clause of the policy before us. If, however, the decision in *Prisuda* did not rely upon the different language of the Omnibus Clause, we find it unpersuasive. We prefer, as we have said, the ruling of the Supreme Court of New Jersey in 166 A.2d 355.

The judgment below is affirmed.