**SELECTED RISK INSURANCE
COMPANY et al.**

v.

**The TRAVELERS INSURANCE
COMPANY et al.**

Superior Court of Delaware,
New Castle.

Jan. 28, 1972.

John J. Schmittinger, Dover, for Travelers Ins. Co., and Diane and James L. Steptoe.

Wayne N. Elliott, Wilmington, for Selected Risk Ins. Co., and Richard and Louis Russo.

BIFFERATO, Judge.

On January 19, 1972, the Court heard oral argument on cross-motions for summary judgment in this declaratory judgment action brought by Selected Risk Insurance Company against Travelers Insurance Company to determine which of the two automobile liability insurance companies must provide primary coverage to one Richard Russo. The pertinent facts are as follows:

On November 14, 1969, an accident occurred when Richard Russo was driving Diane Steptoe home from a date in a car titled in her father's name, James L. Steptoe.

James L. Steptoe purchased a 1964 Chevrolet Impala in his own name for the use of his daughter Diane. The automobile was insured in the name of Mr. Steptoe but a higher premium was charged because Diane, a minor, was to be the principal operator. Diane used the car everyday for work and social events, the only restriction being that she was not permitted to let anyone else drive the automobile.

Diane violated this restriction on the night of the accident as she had the week before. After picking Russo up at his home, Diane permitted him to drive the car to a drive-in movie. Shortly after they left the theater, the car, still operated by Russo, collided with another automobile.

The plaintiff, Selected Risk, is the insurer of Louis Russo, Richard Russo's father, and under his policy Russo is entitled to excess coverage over any other valid and collectable insurance. Travelers is the insurer of the Steptoe automobile. The policy provides:

"Each of the following is an insured under Part I:

(a) With respect to the owned automobile.

(1) The named insured and any resident of the same household,

(2) Any other person using such automobile with the permission of the named insured, providing his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . ."

Travelers disclaims coverage on the ground that Russo did not have the permission of Diane's father to operate the car.

In support of its motion for summary judgment, Selected Risk presents three arguments: (1) the case of Allstate Insurance Co. v. Nationwide Mutual Insurance Co., Del.Supr., 273 A.2d 261 (1970) is controlling and therefore Selected Risk should prevail; (2) Delaware has adopted the initial permission rule and under that doctrine Russo is covered by Travelers' policy; and (3) Travelers is estopped from denying coverage due to a previous certification it made pursuant to the Delaware Financial

Responsibility Law. Each argument will be considered separately.

## I

■ Selected Risk contends that the recent Delaware case of Allstate Insurance Co. v. Nationwide Mutual Insurance Co., Del.Supr., 273 A.2d 261 (1970), is controlling. I cannot agree. In *Allstate*, one Kathy Bower borrowed her father's car to take two friends to the beach after a high school prom. Her father told her to let no one else drive the automobile. On her way back from the beach, Kathy allowed her boy friend, Robert Roper, to drive the car. While Roper was driving, an accident occurred.

Allstate, insurer of the Bower vehicle, disclaimed coverage on the ground that Roper did not have permission of the named insured, Mr. Bower, to drive the Bower car. Nationwide, insurer of Roper's father brought a declaratory judgment action against Allstate. The Allstate policy provided coverage to:

> "Any other person with respect to the owned automobile provided the *actual use* thereof is with permission of the named insured." (Emphasis added)

In construing this clause, the Supreme Court noted that the words "use" and "operation" are not synonymous. It therefore found that the use of the car was within the scope of the permission granted and that the manner in which the vehicle was operated was immaterial, operation not being specifically mentioned in the clause.

In the lower court opinion, Nationwide Mutual Insurance Co. v. Neat, Del.Super., C.A. No. 406 (1968), I emphasized that the policy required that the "actual use" be with the permission of the named insured and that the clause was silent as to "driving" or "operation". Hence, the only condition was that the "actual use" be permitted. In the instant case, there is a different requirement, that being that the "actual operation" is within the scope of such permission. I therefore find that, contrary to *Allstate*, the operation of the vehicle is material and that *Allstate* is distinguishable on this ground.

## II

■ Selected Risk also argues that in *Allstate, supra*, the Supreme Court adopted the New Jersey initial permission rule and under that doctrine, Travelers' policy covers Russo. Once again I cannot agree. Simply stated, the initial permission rule provides that if a person is given permission in the first instance to use an automobile, any subsequent use, short of theft is permissive use within the terms of a standard omnibus clause, although the subsequent use is not within the contemplation of the named insured. Matits v. Nationwide Mutual Insurance Co., 33 N.J. 488, 166 A.2d 345 (1960).

The Supreme Court in *Allstate* did not adopt that theory. Indeed, the *Matits* case, *supra*, was not even cited. Rather the Court referred to a companion of *Matits* for the purpose of drawing a distinction between "use" and "operation" and to support its finding that omnibus clauses are to be broadly construed in favor of the insured. *See* Indemnity Insurance Co. v. Metropolitan Casualty Insurance Co., 33 N.J. 507, 166 A.2d 355 (1960). No mention was made of the initial permission rule. Nor do I think that Delaware should adopt this doctrine, at least with regard to actions commenced prior to the new no-fault insurance law. 58 Del.L.Ch. 98. The primary reason for New Jersey's adoption of this rule was to support its legislative policy of assuring an available fund for innocent victims of automobile accidents. Odolecki v. Hartford Accident & Indemnity Co., 55 N.J. 542, 264 A.2d 38 (1970). Although our Code manifests a legislative intent to similarly protect innocent victims, 21 Del.C. § 2901 et seq., it is not nearly as comprehensive as the comparable New Jersey statute. N.J.S.A. 39:6–23 et seq. It is certain that the Delaware legislature's in-

terest in protecting innocent victims has grown with the advent of no-fault insurance, but this case concerns pre no-fault legislation. I do not find that our legislative policy at the time that the accident occurred or at the time that the action commenced warrants an adoption of the initial permission rule.

■ The issue then, is whether the operation of the automobile by Russo was with the express or implied permission of the named insured, James Steptoe. After considering the undisputed facts that Mr. Steptoe was not aware that his daughter was dating Russo or that she was going out with him on the evening of the accident, and after weighing the fact that Mr. Steptoe repeatedly told his daughter to let no one drive the car, I can come to no other conclusion than that Russo's operation was not with the permission of Mr. Steptoe, the named insured. I find unpersuasive the argument that, since Diane Steptoe was the primary operator of the vehicle, she had the authority to delegate permission to operate the car. Such a theory directly contradicts the insurance policy. The omnibus clause specifically provides that the permission must be that of the named insured, it does not provide an equal right to the principal operator.

It has been recognized that:

"Liability insurance is one of the kinds of insurance where there is a recognized personal element resting on standards of responsibility and competence acceptable to the insurer. The insurer looks to the reputed competence of the named insured to select and delegate only to responsible persons the use of his automobile. It is on this theory that the insurer agrees to cover such selected persons as insureds. When the named insured allows his automobile to be used by another, this does not authorize that person to select another to drive it and bring the third party within the definition of insured.

\*      \*      \*      \*      \*      \*

The cardinal point is whether the named insured exercises his own discretion and gives his own permission to the particular person. A definition of insured in a policy extends this right to the named insured only. Consent to use does not involve consent to delegate. When a vehicle is driven by a person without the express or implied permission of the named insured, the driver is not covered."

1 R. Long, The Law of Liability Insurance § 3.03 at 3–6, 3–8 (Rev'd 1971).

Hence, it is clear that when Travelers issued this policy and contracted with James Steptoe, it agreed to give him, an adult of mature years, permission to name additional insureds under the omnibus clause. Travelers did not agree to allow a minor of immature years to have this power to name additional insureds in the policy. *See* in this connection Johnson v. State Farm Mutual Auto Insurance Co., 8 Cir., 194 F.2d 785 (1952); Monroe v. Heard, La.Ct. of App., 168 So. 519 (1936); Moschella v. Kilderry, 290 Mass. 62, 194 N.E. 728 (1935).

### III

■ Finally, Selected Risk contends that Travelers is estopped from denying coverage, having certified its policy pursuant to the Delaware Financial Responsibility Law, 21 Del.C. § 2948, in a prior accident. Even if this certification were relevant, and I do not think it is, there is no conflict between Travelers' policy and the definition of "motor vehicle liability policy" as set out in 21 Del.C. § 2904. That section provides in part:

(b) Such owner's policy of liability insurance shall   .   .   .

\*      \*      \*      \*      \*      \*

(2) Insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission

of such named insured, against loss from the liability imposed by law . . .

\* \* \* \* \* \*

Although § 2904 does not refer to the term "operation" but only "use", that section is to be applied only where the operation of the vehicle is within the scope of the owner's permission. If the vehicle was being operated without his permission he need not prove financial responsibility. *See* 21 Del.C. § 2922(3). Therefore, Travelers' prior certification does not act as an estoppel.

Accordingly, Travelers' cross-motion for summary judgment is granted and Selected Risk's motion for summary judgment is denied. It is so ordered.