FARM BUREAU MUTUAL INSURANCE
COMPANY OF MISSOURI,
Respondent,

v.

Harrell Gregory DRYDEN et al.,
Appellants.

No. 34714.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 6, 1973.

Edwards, Seigfreid, Runge & Hodge, Inc., Mexico, for respondent.

Goldenhersh & Newman, St. Louis, for defendant Pund.

McQuie & Deiter, Montgomery City, for appellant Dryden.

CLEMENS, Judge.

Plaintiff-insurer brought this declaratory judgment action to determine whether it is liable under the omnibus clause of its liability policy for injuries Michael Pund sustained in a collision.

John R. Harness owned a 1963 Volkswagen "bug" and was the named insured in plaintiff's liability policy. On the night in question Mr. Harness gave his 18-year-old son Eric permission to drive the Volkswagen; in turn Eric let defendant Dryden drive it. Passenger Michael Pund was injured in the collision that followed. Alleging that the driver, Dryden, was negligent, Pund sued Dryden for damages.

The ultimate issue is whether the insurer is obligated to defend Dryden. This depends on whether Dryden drove the insured car with Mr. Harness' implied permission. The trial court found he did not and exonerated the insurer. We affirm.

By the omnibus clause Farm Bureau's coverage included ". . . any person or organization legally responsible for the use of the automobile, provided the actual use is with permission of the named insured." The issue of permission *vel non* requires a factual determination of whether Mr. Harness' initial grant of permission to his son Eric impliedly authorized Eric to allow Dryden to drive the automobile. St. Paul Insurance Company v. Carlyle, Mo.App., 428 S.W.2d 753 [1].

To guide us in that determination are words from Helmkamp v. American Family Mutual Insurance Co., Mo.App., 407 S.W.2d 559 [17]: "Permission under the omnibus clause may be expressed or implied, but it must originate in language or conduct of the named insured or someone having authority to bind him in that respect, and the person claiming permission must prove it." To the same effect see also Varble v. Stanley, Mo.App., 306 S.W.2d 662 [4].

Mr. Harness applied for the Farm Bureau policy about a year before the collision. In his application Mr. Harness stated he would use the car fifty per cent of the time; his wife Alice would use it thirty per cent and the two children, Patty and Eric, would each use it ten per cent.

The Harness family lived on a farm near Montgomery City. During the school year Eric was away at College but in the summer and early fall of 1969 he lived at home and worked on the farm. In addition to the insured Volkswagen the Harnesses also had a Chevrolet sedan and two trucks;

the keys to these were kept on a kitchen shelf. It was Eric's custom to ask permission to use the family cars before taking them and during the summer he would use one of the cars almost every evening. Mr. Harness had told his family several times it was not a good idea to permit other persons to use the family cars. Early in the summer Eric and Doug Engle had driven the Volkswagen to Colorado and with Mr. Harness' express permission Eric was to share the driving with his companion. This lone occasion was the only time Mr. Harness had consented to another person driving one of his cars. Mr. Harness had never given defendant Dryden permission to drive any of his cars and he had never known of Dryden doing so. From June 1, 1968 when the car was bought to September 5, 1969 when it was involved in this accident, Eric had let four or five other persons drive the car but this was not known to his father.

On the evening in question Eric asked Mr. Harness to use the Vokswagen and permission being given drove to New Florence to meet Doug Engle; they were joined there by Dryden and Pund. The four drove "hither and yon" around Montgomery County for several hours. Doug Engle finally left the foursome. Eric became sleepy and at his request Dryden took over the driving, with Pund beside him and Eric soon asleep in the back seat. Later, Dryden drove off the highway and into a parked car, injuring Pund. Pund sued Dryden and this action for a declaratory judgment followed apace.

◼ We hold Dryden was not driving the Volkswagen with Mr. Harness' implied permission. Contrary to defendant's contention, Mr. Harness had not given Eric "free and unfettered use and control" of the car. It was a "family car" and Eric shared its use with his father, mother and sister. Keeping the keys under the parents' control also refutes "free and unfettered use." Further, it was Eric's custom to get his father's permission to use the car and on this occasion Eric did just that. Mr. Harness—except for the one trip to Colorado—never gave Eric permission to let another drive the car and never knew of that being done. Mr. Harness had cautioned Eric that it was "bad business" to let other persons drive any of the Harness vehicles.

◼ The word "implied" means necessary deduction from the circumstances, general language or conduct of the parties. Black's Law Dictionary, Fourth Edition, page 888. The above evidence is devoid of facts leading to a logical conclusion Mr. Harness gave Eric permission to let another drive the Vokswagen on the occasion in question. That was defendant's burden and he failed to carry it.

In oral argument defendant's counsel stressed the recent cases of Allstate Insurance Company v. Hartford Accident & Indemnity Company, Mo.App., 486 S.W.2d 38. The omnibus clause there contained both the words "use" and "operate" and the opinion distinguished the two. Any further discussion of that difference would be pointless, since the decision there, as here, depended on whether the driver had the named insured's implied permission to use the insured's car. And, under facts not unlike our case the court in *Allstate* held there was no coverage since neither the parties' prior course of conduct nor the named insured's permission to her daughter extended coverage to the daughter's permittee. Thus, Allstate goes against the defendant here.

Other cases cited by defendant stand generally for the proposition that the usual omnibus clause coverage may be extended to a permittee's permittee when the named insured has impliedly given such permission, either by allowing the first permittee unrestricted use of the insured vehicle or by knowing of and not objecting to prior transfers of use by the first permittee to a second permittee. None of the cited cases is factually similar to ours.

At trial defendant offered but the court excluded documentary evidence concerning insurance on and title to other vehicles acquired by Eric after the Volkswagen was destroyed in the collision in question. The relevance of this evidence to the issue of prior permissive user is not apparent and the trial court did not err in excluding it. Crowley v. Crowley, Mo.App., 360 S.W. 2d 293 [2]; Helmkamp v. American Family Mutual Insurance Co., Mo.App., 407 S.W.2d 559 [20, 21].

Finding no error, the judgment for plaintiff is affirmed.

DOWD, C. J., and WEIER, and Mc-MILLIAN, JJ., concur.