**ALLSTATE INSURANCE COMPANY**

v.

**Richard K. LYONS et al.**

Supreme Judicial Court of Maine.

April 10, 1979.

Solman, Page & Hunter by Richard N. Solman, Caribou (orally), for plaintiff.

Barnes & Sylvester by Torrey A. Sylvester (orally), Robert F. Ward, Houlton, for defendants.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

In this declaratory judgment action, Allstate Insurance Company seeks relief from

a Superior Court judgment holding Allstate responsible for the defense of, and such damages as may be recovered in, a negligence action instituted by Richard K. Lyons, and his father John R. Lyons, against the administrator of the estate of Victor B. MacArthur.

That action arose out of an accident involving an automobile upon which Allstate has issued a liability policy. At the time of the accident Victor B. MacArthur had been permitted to drive the car by Wayne Barrett, the son of the named insured and owner. Such permission was given notwithstanding an express prohibition by Wayne's father not to let anyone else drive the car.

The issue presented to us is whether, given the circumstances surrounding the accident, Victor B. MacArthur was an additional *"insured"* under the terms of the liability policy issued by Allstate.

We deny the appeal.

On the evening of August 29, 1975, on a road near Moro, an automobile operated by Victor B. MacArthur left the road and struck a tree. The crash caused MacArthur's death and that of one of his passengers, Wayne Barrett, as well as personal injuries to a third passenger, Richard K. Lyons. At the time of the accident the three young men, after a visit to a local recreation center, were en route to pick up Barrett's mother.

The trial Justice made the following express findings:

*First, that Wayne Barrett had general permission from his father to use the Dodge automobile and at the time and place of the accident, the use was within the scope of that permission with the exception of its operation by Victor MacArthur. The Court finds factually that Wayne was under a continuing express restriction against permitting others to drive his father's car. Although since his father had given no express permission for this particular trip, there was no express permission as to this particular trip. This finding relates to a continuing restriction. The Court finds as a fact that*

*Victor MacArthur had Wayne Barrett's permission to operate the automobile. That Victor MacArthur was unaware of the owner's express restriction and that Victor MacArthur reasonably believed his operation of the vehicle was consented to by the owner. In other words, that Wayne had authority to give him permission. The Court further finds that at the time of Victor MacArthur's operation there was no emergency existing which warranted disregard of the owner's restriction and that Victor MacArthur's operation was in violation of that express restriction.*

From these facts the presiding Justice concluded that MacArthur was an additional insured as defined in the Omnibus Clause of Allstate's liability insurance policy. That clause provides in pertinent part:

*Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:*

*1. bodily injury sustained by any person, and*

*2. injury to or destruction of property, arising out of the ownership, maintenance or use, including loading and unloading, of the owned automobile or a non-owned automobile.*

*Allstate will defend, at its own expense and with counsel of its choice, any lawsuit, even if groundless, false or fraudulent, against any insured for such damages which are payable under the terms of this Section, but may make such settlement of any claim or suit as it deems expedient.*

. . . . .

*The following persons are insured under this Section*

*1. The named insured with respect to the owned or a non-owned automobile provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;*

*2. Any resident of the named insured's household with respect to the owned automobile;*

*3. Any other person with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission;* (emphasis supplied)
*4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative, provided the use by such relative is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission; and*
*5. Any other person or organization, but only with respect to his or its liability because of acts or omissions by a person who is insured under any of the four preceding paragraphs; provided the automobile, if a non-owned automobile, is not owned or hired by such other person or organization.*

. . . . .

*Definitions of words used under this Section*
*(a) "insured" means any person or organization listed as insured in this Section;*
*(b) "named insured" means the individual named in the declarations, and his spouse if a resident of the same household; . . .*

■ Every party seeking declaratory relief must address at the threshold a question of justiciability. Jurisdiction under the Uniform Declaratory Judgments Act, 14 M.R.S.A. §§ 5951 *et seq.*, turns upon the presence of a real controversy. The plaintiff must set forth a claim of right or obligation buttressed by a sufficiently substantial interest to warrant judicial protection and assert it against a defendant having an adverse interest in contesting it. *Jones v. Maine Highway Comm.*, Me., 238 A.2d 226, 229 (1968); *see also, American Motorists Insurance Co. v. LaCourse*, Me., 314 A.2d 813, 818 n. 4 (1974).

■ Such a controversy clearly exists in this case. MacArthur's estate asserts it is an additional *"insured"* under the policy issued by Allstate to William Barrett. Allstate, in turn, denies that assertion. A substantial interest buttresses each party's claims in support of or in opposition to, the relief sought by Allstate in the action. The rights of MacArthur's estate flow directly from the insurance contract.[1] *See Langley v. Home Indemnity Co.*, Me., 272 A.2d 740, 742–43 (1971).

The central issue presented by this appeal is purely one of law, that is, was MacArthur an additional *"insured"* within the terms of the policy?

We conclude that he was.

The Superior Court Justice, in coming to the same conclusion we now reach, based his conclusion on his previous finding that MacArthur reasonably believed that he had permission to drive the car. Allstate now argues that the application of such a finding to the question of coverage was erroneous in that section 3 of the Omnibus Clause, the applicable section here, requires the *actual permission* of the named insured, not just the reasonable belief of the party seeking coverage that such permission has been given.

We agree.

■ The Omnibus Clause expressly extends coverage to the *named insured* when he uses a non-owned automobile in the reasonable belief that he has permission to do so. A similar provision applies to *"any relative"* of the named insured. At no point, however, is such coverage extended to persons other than the named insured and his relatives. We, therefore, hold that it was erroneous for the trial Justice to consider MacArthur's beliefs, reasonable or otherwise, in construing the policy.

1. We need not decide in this case whether a justiciable controversy would be presented if the insurer sought a declaration of its rights vis-a-vis the injured parties alone. In such a case the insured party's rights would remain undetermined, thus negating much of the useful purpose served by the adjudication. *See Concord Gen. Mut. Ins. Co. v. Home Indem. Co.*, Me., 368 A.2d 596, 597–598 (1977); *Jones v. Maine Highway Comm.*, Me., 238 A.2d 226, 228 (1968).

Notwithstanding such error, the Superior Court Justice's determination will be upheld if it is in fact the correct result. *See Laferriere v. Paradis*, Me., 293 A.2d 526, 529 (1972); *Estabrook v. Webber Motor Co.*, 137 Me. 20, 29, 15 A.2d 25 (1940).

The parties have joined issue as to the proper interpretation of the third category of persons insured under the Omnibus Clause. Any person is an *"insured"* under that provision as long as the *use* of the named insured's vehicle is *"with the permission of the named insured and within the scope of such permission."* Allstate now argues that because the owner of the vehicle had specifically told his son not to let anyone else drive the car, MacArthur's use of the vehicle was beyond the scope of the permission granted, thereby precluding coverage.

We disagree.

Under the terms of the Omnibus Clause

*Any other person* [is insured] *with respect to the owned automobile, provided the use thereof is with the permission of the named insured and within the scope of such permission.*

It is Allstate's choice of the word *"use"* as distinguished from the word *"operation"*, that leads us to conclude that MacArthur was covered under the policy. As the Supreme Court of New Jersey explained,

. . . *the words* use *and* operation *are not synonymous. The* use *of an automobile denotes its employment for some purpose of the user; the word* operation *denotes the manipulation of the car's controls in order to propel it as a vehicle.* Use *is thus broader than* operation . . *One who operates a car uses it,* . . . *but one can use a car without operating it.* (emphasis in original).

*Indemnity Insurance Co. v. Metropolitan Casualty Insurance Co. of New York*, 33 N.J. 507, 166 A.2d 355, 358 (1960). The significance of this distinction is graphically illustrated by the opposite results reached in *Allstate Insurance Co. v. Nationwide Mutual Insurance Co.*, 273 A.2d 261 (Del.1970) and *Selected Risk Insurance Co. v. Travelers Insurance Co.*, 287 A.2d 675 (Del.Super.

1972). In *Allstate*, the daughter of the named insured and owner was given permission to use the insured automobile. She was told, however, not to let anyone else drive the car. Contrary to her father's instructions, the daughter let her boy friend drive, during which time the car was involved in an accident. In holding that the Omnibus Clause of the owner's policy, which for all practical purposes is identical to the one here at issue, provided coverage to the boy friend, the Court stated,

[t]he use of the vehicle concerned is the purpose for which its use is permitted. As long as that use has been permitted, it is immaterial how the vehicle is operated. The insured having given his permission for a particular use, may not be heard to complain, nor may his insurance carrier be heard to complain that the operation of the vehicle in performance of the use or purpose has been conducted in a way which the insured not only did not contemplate, but actually forbade. *273 A.2d at 263.*

In marked contrast to the result reached in *Allstate* is that reached in *Selected Risk, supra.* Therein, a father gave permission to his daughter to use the insured automobile, but with the now familiar instruction that no one else was to drive it. As was the case in *Allstate*, the daughter allowed her boy friend to drive, and he had an accident. Unlike *Allstate*, however, the Court held that the boy friend was not an additional insured under the terms of the policy. Such a result was mandated, the Court concluded, by the fact that the policy there under consideration limited the class of persons qualifying as additional insureds to those who had the insured's express permission not only to *use* the automobile, but also to *operate* it. That Court said in distinguishing *Allstate*

. . . *the only condition [in* Allstate*] was that the "actual use" be permitted. In the instant case, there is a different requirement, that being that the "actual operation" is within the scope of such permission.* 287 A.2d at 677 (emphasis in original).

In the case now before us, there is little doubt that MacArthur's *use* of the vehicle was within the scope of the insured's permission.

This is an Allstate policy.

Allstate chose the terms it used.

 Since it was an Allstate policy identical to the one now before us which was construed by the Delaware Court in *Allstate Insurance Co. v. Nationwide Mutual Insurance Co., supra,* Allstate must have been aware of the potentially dispositive nature of its choice of terms. We conclude that by virtue of the Omnibus Clause of the policy MacArthur is an additional insured notwithstanding the named insured's specific prohibition that no one but his son was to drive the car.[2]

Our decision today in no way limits our earlier decisions in *Savage v. American Mutual Liability Ins. Co.,* 158 Me. 259, 182 A.2d 669 (1962) or *Johnson v. American Automobile Ins. Co.,* 131 Me. 288, 161 A. 496 (1932). Both of those cases dealt not with the distinction between *"use"* and *"operation",* but rather with situations in which the vehicle was *used* for purposes not within the scope of permission. For example, in *Johnson,* the owner of the insured vehicle gave permission to an employee to take the car home to wash and wax it, but he was to return within an hour and a half. Instead, the employee used the car to take his aunt shopping, during which time he had an accident.

Nor is our decision to be taken as necessarily contrary to that reached by the United States District Court for the District of Maine in *Concord General Mutual Ins. Co. v. Hills,* 345 F.Supp. 1090 (D.Me.1972). Therein, an original permittee, contrary to the owner's instructions, loaned the vehicle to a friend who, without the original permittee being present and while using it for his own benefit, had an accident. The Court held that such facts led to the conclusion that the use of the vehicle at the time of the accident was beyond the scope of permission granted by the owner. The Court went on, however, to state that *"this is not a case where coverage may be permitted because the original permittee was riding in the car with the second permittee at the time of the accident."* 345 F.Supp. at 1093. Whether such a distinction would be dispositive in this Court we need not now decide.

For the reasons stated above, the entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and WERNICK, J., did not sit.

---

**2.** Although we conclude that MacArthur is an additional insured within the meaning of the Omnibus Clause, we recognize that other jurisdictions have, in somewhat similar circumstances, come to a contrary conclusion. *See e.* g., *Lee v. Allstate Ins. Co.,* 274 So.2d 433 (La. App.1973); *Farm Bureau Mutual Ins. Co. of Missouri v. Dryden,* 492 S.W.2d 392 (Mo.App. 1973). We find such decisions unpersuasive and, therefore, decline to follow them.